Graham, J.
This case involves personal injury claims brought by the plaintiff, Daniel lasbarrone (“lasbarrone”) against the defendant Modern Continental Construction Company (“Modern Continental”). lasbarrone was injured when he fell at a construction project contracted by the City of Cambridge (“Owner”) to Modem Continental. Modem Continental filed a third-party complaint against N.B. Jon-Son Steel Erectors, Inc. (“N.B. Jon-Son’j, a subcontractor on the project, claiming indemnification for Iasbarrone’s injuries.
Modern Continental and N.B. Jon-Son filed cross-motions for summary judgment. N.B. Johnson argues that: 1) Modem Continental’s claim for common law indemnification is barred as a matter of law; and 2) the indemnity provision in the subcontract between Modern Continental and N.B. Jon-Son is void under G'.L.c. 149, §29C. Modem Continental does not oppose the entry of summary judgment for N.B. Jon-Son on the common law indemnification count. Modern Continental also admits that the indemnity provision in its subcontract with N.B. Jon-Son is void pursuant to G.L.c. 149 §29C. Modern Continental asserts instead that the basis of its recovery is the indemnification provision contained in the General Contract between it and the Owner.
FACTS
The following facts are undisputed. lasbarrone worked for N.B. Jon-Son as an iron worker. On or about November 27, 1990, he was at work on a construction site at the Payson Park Water Reservoir Project in Belmont, MA. Modem Continental was the general contractor on the project. Modern Continental entered into a subcontract with N.B. Jon-Son requiring N.B. Jon-Son to furnish and install reinforcing steel and welded wire mesh for the project. At the time of the accident, lasbarrone and a co-worker were carrying several 20-foot-long pieces of reinforcing steel when lasbarrone fell up to his groin through the top layer of steel decking already in place with the load of steel on his shoulder.
*174 Subsequently, Iasbarrone and his wife brought claims against Modern Continental for negligence and loss of consortium. Modern Continental filed a third-party complaint against N.B. Jon-Son seeking indemnification.
DISCUSSION
Modern Continental and N.B. Jon-Son are seeking in essence a judicial determination of the validity of the indemnification clauses in both the General Contract and the subcontract. Since Modern Continental has admitted the invalidity of the indemnity clause in the subcontract, I will focus solely on the question of whether Modern Continental can use the indemnity clause in the General Contract as a source of recovery.
Indemnity agreements are to be “fairly and reasonably construed in order to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished.” Shea v. Bay State Gas Co., 383 Mass. 218, 222 (1981) (citations omitted). The indemnification clause in the General Contract between Modern Continental and the Owner of the project is as follows:
6.30. To the fullest extent permitted by Laws and Regulations CONTRACTOR shall indemnify and hold harmless OWNER and ENGINEER and their consultants, agents and employees from and against all claims, damages, losses and expenses, direct, indirect or consequential. . . arising out of or resulting from the performance of the Work, provided that any such claim ... (a) is attributable to bodily injury . . . and (b) is caused in whole or in part by any negligent act or omission of CONTRACTOR, any Subcontractor, any person or organization directly or indirectly employed by any of them to perform or furnish any of the Work or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder or arises by or is imposed by Law and Regulations regardless of the negligence of any such party.
In the subcontract between Modern Continental and N.B. Jon-Son, N.B. Jon-Son agreed to be bound by the terms of Modern Continental’s contract with the project Owner:
Subcontractor does further agree to bound the General Contractor by the aforementioned General Contract Documents and all other instruments herein referred to and further to assume toward the General Contractor all the obligations and responsibilities pertaining to the qforedescribed work that the General Contractor by the aforesaid General Contract has assumed to the Owner, including furnishing of such warranties: and guarantees as are required in the General Contract. (Emphasis added.)
Subcontract, at Article I. The Court has held that such language in a subcontract may subject the subcontractor to an indemnity claim from the general contractor. Whittle v. Pagani Brothers Construction Co., Inc., 383 Mass. 796 (1981). In Whittle the Court stated that:
The natural reading of the subcontract language is to impose the same obligations on the subcontractor to indemnify the contractor against claims arising out of the performance of the subcontract as the main contract imposes on the contractor to indemnify the [owner] against claims arising out of the performance of the main contract.
Id., at 799.
N.B. Jon-Son argues that because the parties in Whittle did not have a separate indemnity clause in the subcontract, that decision should have no effect on the instant case. I disagree with this contention. The Court in Whittle did not limit its holding by stating that parties cannot obligate themselves to a number of indemnity provisions in a contract. N.B. Jon-Son knowingly bargained for both the indemnity provision in the General Contract and that in the subcontract. See Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 630 (1991).
N.B. Jon-Son alleges that even if this court chooses to apply the indemnity clause in the General Contract, this clause also violates G.L.c. 149, §29C (1992 ed.).[1] The Appeals Court has interpreted this statute to completely void an indemnification provision “whenever it provides for indemnification by a subcontractor regardless of the fault of the indemnitee, or its employees, agents, or subcontractors, and this is so even if the indemnitee could prove at trial that the injured employee of the subcontractor was negligent.” Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286, 288 (1993).
N.B. Jon-Son claims that the General Contract indemnity clause may impose liability on N.B. Jon-Son for injuries not caused by it. This claim appears to have some validity since the indemnity clause in the General Contract contains language which may require Modern Continental to indemnify the Owner for injuries that Modern Continental did not cause.[2]
The General Contract’s indemnification clause, however, contains saving language allowing the provision to operate “(t]o the fullest extent permitted by law...” This language has been held to preserve the valid portions of the indemnification provision and serves to excise the offending portions, so that the remainder of the clause is valid under the statute. See Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608, 611 (1994); See also Kelly v. Nelson, Civil No. 91-7247 (Middlesex Super.Ct. March 29,1994) (Brady, J.) (citations omitted).
Therefore, when the “bad” portions of the indemnity provision are removed, the clause does not require Modern Continental to indemnify the owner where the injury was not caused in part by Modern Continental. Accordingly, N.B. Jon-Son is not required by this clause to indemnify Modern Continental where the injury was not caused in part by N.B. Jon-Son. As a result, since the indemnity provision does not require N.B. Jon-Son to indemnify Modern Continental for injuries not caused in part by N.B. Jon-Son, the provision is valid under G.L.c. 149, §29C.
*175 ORDER
For the foregoing reasons, it is ORDERED that N.B. Jon-Son’s motion for summary judgment is DENIED on Count II and ALLOWED on Count I of Modern Continental's complaint. It is further ORDERED that Modern Continental’s motion for summary judgment is ALLOWED on Count II of its complaint only to the following extent: In particular, this court RULES that the indemnification clause in the General Contract is valid when the offending portions are excised so that N.B. Jon-Son is only liable to indemnify Modern Continental where the injury was caused in part by N.B. Jon-Son.

G.L.c. 149, §29C provides in pertinent part:
Any provision for or in connection with a contract for construction... which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents, or subcontractors, shall be void.

By inference the provision would also require N.B. Jon-Son to indemnify Modern Continental for injuries that N.B. Jon-Son did not cause.