Cratsley, J.
The plaintiffs, Allan Noel, Jacqueline Noel, Roland Provencher, Lorraine Provencher and Victor Santos (“Noel”), brought a consolidated action against Digital Equipment Corporation (“Digital”), Marshall Contractors, Inc. (“Marshall”), Industrial Design Corp., International Form Corp. and Strickland Systems, Inc. for personal injuries sustained when a *407 partially poured concrete slab collapsed during the construction of an addition to a facility owned by Digital. Marshall was the general contractor for the project. At the time of the alleged accident, Noel was employed by S&F Concrete Contractors, Inc. (S&F), Marshall’s concrete subcontractor. Marshall has brought a third-party complaint against S&F, based on a contractual right of indemnification. S&F, in turn, has moved for summary judgment on the grounds that the indemnity clauses in the subcontract are void under G.L.c. 149, §29C. Marshall opposes S&F’s motion and has filed a cross-motion for summary judgment. For reasons set forth below, S&F’s motion for summary judgment is ALLOWED and Marshall’s cross-motion for summary judgment is DENIED.
FACTS
The undisputed facts as established by the pleadings and exhibits are as follows. Marshall and S&F entered into a subcontract on June 24, 1992. The indemnification provisions of the subcontract state:
8.1 The Subcontractor hereby exculpates and agrees to indemnify and hold harmless the Contractor and its officers, directors, agents, representatives, employees, successors and assigns from and against any and all claims, losses, damages, liabilities and the like, including reasonable counsel fees which the Contractor may incur, suffer, sustain or be required to pay by reason of the injury or death of any person or the damage to any property whatsoever, caused or alleged to have been caused by any act or omission of the Subcontractor or any of its suppliers or subcontractors, or the employees, agents, or representatives of the Subcontractor or any of its suppliers or subcontractors, arising out of or in any manner connected with the performance of the Subcontract Work, whether or not caused in whole or in part by any act, omission or negligence of the Contractor, its officers, agents, representatives or employees.
8.2 The Subcontractor agrees to indemnify the Contractor and its surety from and against any and all actions, suits, proceedings, claims or demands arising out of or alleged to have arisen out of the performance of or the operations under this Subcontract. . .
In addition, in Section 2.1 of the subcontract, S&F agreed to abide by the conditions of the general contract between Digital and Marshall dated April 24, 1992.[3]
Article VII of the general contract states in relevant part:
7.3 The Construction Manager shall bear all loss, expense (including reasonable attorneys fees), and damage, in connection with, and shall defend, indemnify and hold the Owner harmless against all claims, demands, and judgments made or recovered against the Owner because of bodily injuries, including death at the time resulting therefrom, and/or because of damage to property from any cause whatsoever, arising out of, incidental to, or in connection with the Work, whether or not due to the presence of the Construction Manager’s agents, employees, Subcontractors or their agents, employees, or Sub-Subcontractors, to any acts, errors, omissions or negligence, of the Construction Manager or any Subcontractor or its or their employees, agents or Sub-Subcontractors, to any act of omission or commission of the Owner, its agents or its employees or to the use by the Construction Manager or its agents or employees of the Owner’s equipment, tools or facilities whether or not any claims are based upon the condition of said items or upon the Owner’s negligence, permission of the Owner to use said items being gratuitous.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and (further) that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “A complete failure of proof concerning an essential element of the nonmov-ing party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
S&F contends that all three indemnity clauses are void under G.L.c. 149, §29C. G.L.c. 149, §29C provides in relevant part,
Any provision for or in connection with a contract for construction . . . , which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void. (Emphasis added.)
In Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286 (1993), the Appeals Court invalidated an indemnification clause pursuant to G.L.c. 149, §29C on the grounds that it contained a provision requiring the subcontractor to indemnify the general contractor from an injury that may not have been caused by the subcontractor or its employees, agents or subcontractors. Id. at 288. In the instant case, Section 8.1 of the subcontract requires the subcontractor to indemnify the contractor for “claims . . . whether or not caused in whole or in part by any act, omission or negligence of the Contractor, its officers, agents, representatives or employees.” This clause does not require that the injury be caused, either in *408 whole or in part, by the subcontractor. Rather, the subcontractor could be required to indemnify the general contractor for personal injuries exclusively caused by the general contractor’s own negligence.
In addition, in McGrath v. H.A. Fafard & Sons Construction, 2 Mass. L. Rptr. No. 24, 479 (Oct. 17, 1994), the Superior Courtheld that an indemnification clause violated G.L.c. 149, §29C because it indemnified the contractor from claims caused by the subcontractor or its “suppliers or guests.” Id. at 480. Suppliers and guests do not fall into the categories specifically set out in G.L.c. 149, §29C: employees, agents or other subcontractors, i.e. parties for whom the subcontractor is legally responsible. In the present case, Section 8.1 obligates the subcontractor to indemnify the contractor from claims caused by “its suppliers” as well as “employees, agents or representatives ... of its suppliers.” Thus, the subcontractor could be required to indemnify the contractor from claims not caused by parties within the legal control of the subcontractor. As a result, this Court concludes that Section 8.1 of S&F’s subcontract violates G.L.c. 149, §29C.
Marshall argues, however, that Section 11.4 of the subcontract contains a severability clause and, therefore, pursuant to Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608 (1994), the Court should strike any offending language from Section 8.1 and enforce the indemnity clause.[4] In Callahan, the Appeals Court addressed the following indemnity clause:
To the fullest extent permitted by law, Subcontractor shall defend and save the Owner and Contractor harmless and indemnified from and against any and all claims for bodily injury and death . . . resulting from the negligence or any act or omission of Subcontractor or his agents, or arising out of or in any way connected with the performance, or failure to perform the work by Subcontractor.
Id. at 609, n. 2 (emphasis added).
The Court stated that, because the subcontractor’s obligation to indemnify was “limited to an injury resulting from the negligence or act or omission of (the subcontractor) and its agents to the fullest extent permitted by law,” it “did not consider the indemnity clause void under §29C.” Id. at 611. In Bjorkman v. Suffolk Construction Company, Inc., 3 Mass. L. Rptr. No. 27, 607 (July 3, 1995), Judge Lauriat of the Superior Court further developed the Callahan doctrine. Judge Lauriat found that, “unlike Callahan, the purported saving language is not located directly within the indemnity provision of the General Contract . . . Thus, it is questionable whether the parties could have intended the language ... to serve as saving language for the indemnity clause . . .”[5] Id. at 608. In the instant case, unlike Callahan and like Bjorkman, the savings clause is not located within Section 8.1, but instead in Section 11.4. Thus, despite its sweeping language, it is unclear whether the parties intended Section 11.4 to apply specifically to the indemnity clause. See Shea v. Bay State Gas Co., 383 Mass. 218, 225 (1981) (the Court “must give effect to the parties’ intentions . . .”).
Moreover, the severability clause in the present case is far more vague than either the savings clause upheld in Callahan or the savings clause struck down in Bjorkman. Unlike both Callahan and Bjorkman, Section 11.4 does not limit the imposition of liability on the subcontractor to situations permitted by law. Further, Section 11.4 contains no indication that portions of a particular clause in the subcontract can be saved if other portions of the same clause are declared void. Consequently, due to the sweeping language of Section 8.1 and the insufficient location and language of Section 11.4, this Court concludes that Section 8.1 of the subcontract between Marshall and S&F violates G.L.c. 149, §29C and is therefore void.
Marshall next asserts that Section 8.2 of the subcontract is a valid and enforceable indemnity clause. Section 8.2 creates an indemnity obligation on the part of S&F for “claims . . . arising out of . . . the performance of or the operations under this Subcontract.” (Emphasis added.) This provision would seem to pertain to claims based on circumstances such as S&F’s failure to complete its work under the subcontract in a timely fashion, rather than claims involving personal injury. If Section 8.2 did apply to personal injury situations, it would render Section 8.1 superfluous. But the Court need not draw a final conclusion on this issue because Section 8.2 is overbroad and, as a result, violates G.L.c. 149, §29C.
The inclusion of the term “operations” in Section 8.2 casts too broad a net. It could impose an indemnity obligation upon S&F under circumstances where an accident was only tangentially related to S&F’s work under the contract. Section 8.2 is similar to that part of Harnois which covered claims “by reason of the operations under this contract,”[6] and was held invalid absent a limitation to claims resulting in part from the subcontractor’s contract. Furthermore, Transamerica Insurance Group v. Turner Construction Co., 33 Mass.App.Ct. 446 (1992), which Marshall cites in support of its position is distinguishable from the present case. In Transamerica the subcontract required indemnification for any claim “arising out of or occurring in connection with the execution of the Work.” Id. at 450. However, that subcontract also included the following provision, “by way,” the Court points out “of complying with statute”: “(The indemnification provision] does not require indemnification against liability or injury to persons or property resulting from the sole negligence of [the general contractor] or the owner.” Id. at 449, n. 3. The Appeals Court does not directly address the question whether, without the saving language, such an indemnification provision would be void. It implies as much, however; “[the] purpose [of the indemnification clause] is to distribute *409 among the subcontractors on a construction job the insurance burdens covering their respective areas of responsibility — subject, always to the limitation discussed in note 3 above.” Id. at 451. (Emphasis added.) Unlike TransAmerica, Section 8.2 does not have any savings language which might allow the Court to strike the offending portion. Consequently, because it sweeps too broadly and does not contain a savings clause Section 8.2 runs afoul of G.L.c. 149, §29C and is therefore void.
Finally, Marshall contends that pursuant to Section 2.1 of the Subcontract, S&F has agreed to assume the obligations and responsibilities pertaining to its work that Marshall, by the aforementioned general contract, had assumed to Digital, including the indemnity provision found in Article 7.3 of the general contract between Marshall and Digital. It is unnecessary for this Court to address whether S&F has assumed the responsibilities and obligations of Section 7.3 through Section 2.3 of the subcontract because Section 7.3 is also overbroad and thus void under G.L.c. 149, §29C. In Kelly v. Nelson, Middlesex Superior Court, Civil Action No. 91-7247 (Brady, J.), Judge Brady of the Superior Court invalidated Clause 19.5 of the subcontract because it provided that the subcontractor indemnify the general contractor for damages “incident to . . . the performance of the (contract).”[7] Id. at 13. The judge determined that “the- phrase ‘incident to’ sweeps too broadly as it encompasses acts that do not constitute ‘a cause’ of the injury.” Id. at 12. Like Kelly, Section 7.3 of the general contract contains the same “incident to" phrase and is consequently overbroad. Accordingly, the Court concludes that Section 7.3 violates G.L.c. 149 §29C and is therefore void.
ORDER
For the foregoing reasons, the third-party defendant S&F Concrete Contractors, Inc.’s motion for summary judgment as to the third-party complaint is ALLOWED. The third-party plaintiff Marshall Contractors, Inc.’s cross-motion for summary judgment is DENIED. The Court hereby ORDERS and DECLARES that the indemnity provisions in the Subcontract between S&F Concrete Contractors, Inc. and Marshall Contractors, Inc. and the indemnity provision in the General Contract between Marshall Contractors, Inc. and Digital Equipment Corporation, as applied to S&F Concrete Contractors, Inc., all violate G L.c. 149, §29C and are, therefore, void.

Section 2.1 of the subcontract provides in pertinent part that:
The Subcontractor agrees that it assumes in regard to the Subcontract Work all the responsibility and obligations which the Contractor has assumed and agreed to perform for the Owner under the Construction Agreement.

Section 11.4 provides:
The Contractor and the Subcontractor, and their heirs, executors, administrators, successors and assigns shall be bound by and severally fully perform the covenants herein contained.

Paragraph 1 (a) of the subcontract provides that:
The Subcontractor agrees to be bound to the Contractor . . . except to the extent that provisions contained therein are by their terms or by law applicable only to the contractor.

The indemnity clause states in relevant part:
The Subcontractor . . . shall indemnify . .. the Contractor . . . from any and all liability . . . arising out of or in connection with the work, or by reason of the operations under this contract, whether such liability be the result of the alleged active or passive negligence of the owner or Contractor, their agents, servants, employees . . .

Clause 19.5 provided in relevant part:
(Indemniflcation for damages) “arising out of, incident to or resulting from the performance of the work hereunder or the failure to perform said work, unless such injury or damage was caused by the sole negligence of GENERAL CONTRACTOR, OWNER, OWNER’S ARCHITECT and HARMON CONTRACT, its servants or employees.”