Cowin, J.
Plaintiff John Johnson, Jr. (“Johnson”) filed this action for negligence and violation of G.L.c. 143, §51[1] against defendant Richard White & Sons, Inc. (“White”).[2] White filed a third-party complaint for indemnification against Redmond Concrete Construction Co., Inc. (“Redmond”). Redmond then filed a third-party counterclaim for indemnification against Johnson. This case comes before the Court on consideration of cross motions for summary judgment under Mass.R.Civ.P. 56 filed by Redmond and White. Redmond seeks a determination that the contractual indemnification provisions at issue are void under G.L.c. 149, §29C. White opposes Redmond’s motion, and requests a declaration that Redmond has a duty to defend and indemnify White against Johnson’s action. For the following reasons, both motions for summary judgment are DENIED.
BACKGROUND
On January 15, 1990, Johnson was injured while working on a construction site in Braintree, Massachusetts (“Braintree site”) owned by the New England Telephone and Telegraph Company (“NET"). White was the general contractor in charge of the construction at the Braintree site. Redmond, Johnson’s employer, had subcontracted with White to perform construction work at the Braintree site.
The moving parties ask the Court to determine whether certain provisions of the contracts between Redmond and White and White and NET are altered or voided by G.L.c. 149, §29C. For the purpose of determining Redmond’s motion, the parties agree that no material facts remain in dispute.[3]
Three different indemnification provisions are in effect between Redmond and White. The first is contained in article 12, paragraph 12.1 of the subcontract (“first indemnification provision”) between Redmond and White:
To thejullest extent permitted by iau>,[4] the Subcontractor shall indemnify and hold harmless the Owner, the Architect, the Contractor (including the affiliates, parents and subsidiaries) and other contractors and subcontractors and all of their agents and employees from and against all claims, damages, loss and expenses, including but not limited to attorneys fees, arising out of or resulting from the performance of the Subcontractor’s Work provided that:
(a) any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Subcontractor’s Work itself) including the loss of use resulting therefrom, to the extent caused or alleged to be caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by the Subcontractor or for anyone for whose acts the Subcontractor may be liable regardless of whether it is caused in part by a party indemnified hereunder.
(b) such obligation shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Article 12.
(Emphasis added). The above indemnification provision is the only indemnification clause contained in the subcontract between Redmond and White. The second underlined phrase is one of the phrases generating the dispute that is at issue in this motion.
The second and third indemnification provisions are contained in the general contract between White and NET. These provisions are incorporated into the subcontract between Redmond and White by article 8, paragraph 8.1 of the said subcontract (“the incorporation clause”), which provides as follows:
The Subcontractor binds itself to the Contractor under this Agreement in the same manner as the Contractor is bound to the Owner under the Contract Documents.
The general contract between NET (the owner) and White (the contractor) contains an indemnification provision at article 4.18, paragraph 4.18.1 (“second indemnification provision”):
To thejullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses, and expenses, including but not limited to attorneys fees, arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting there-from, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable regardless or whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnify which would otherwise exist as to any party or person described in this Paragraph 4.18.
(Emphasis added). The first underlined section contains “savings language” identical to that contained in the subcontract. The second underlined section is another phrase that is at issue in the present motion.
The last indemnification clause is set out in article 8, paragraph 8.1 of the general contract (“third indemnification clause”):
The Contractor agrees to indemnify, save harmless and defend the Owner, the Owner’s agents and *225 the Owner’s employees from all damages, claims, demands or suits (including reasonable attorneys fees) against said Owner, agents or employees or any of them in any manner arising out of the work done under this Contract, except damages caused by the sole negligence of the Owner.
Three further contractual provisions are relevant to the current dispute. The Supplementary General Conditions contained within the general contract between White and NET include a “separability clause” at “Article 7.6.2.1 Added:”
If any term or provision of the Contract or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of the Contract and the application of such term or provision to persons or circumstances other than those to which it is .held invalid or unenforceable shall not be affected thereby, and each term and provision of the Contract shall be valid and enforced to the fullest extent permitted by law.
The general contract between White and NET places a duty on White to incorporate, its indemnification provisions into any subcontracts White may assume. Article 5.3, paragraph 5.3.1 provides:
By an appropriate agreement, written where legally required for validity, the Contractor shall require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to the Contractor by the terms of the Contract Documents, and to assume toward the Contractor all the obligations and repressibilities which the Contractor, by these Documents, assumes toward the Owner and the Architect.
Finally, article 2, paragraph 2.3 of the subcontract: between White and Redmond provides as follows:
CONFLICTS. In the event of a conflict between this Agreement and the Contract Documents, this Agreement shall govern except as follows: [nothing follows].
DISCUSSION
This Court allows summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively both elements. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Initially, the parties seek a judicial determination of the validity of the three indemnification agreements. Redmond asserts that the indemnification provisions are rendered void by G.L.c. 149, §29C;[5] White contends that these provisions are rendered capable of legal effect by the savings language and the severability clause.
It appears that the intent of the parties was to provide for normal indemnification, i.e., the subcontractor was to indemnify the contractor for injuries due to the subcontractor’s negligence. To the extent that the language provides for greater indemnification, the statute prohibits it. However, based upon recent appellate rulings in Massachusetts, the “savings language” in the indemnification provisions prevents these provisions from being treated as void. Rather, they are applied to the extent they are lawful. This result appears to effectuate the parties’ intent.
In Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286 (1993), the Appeals Court ruled that certain indemnification clauses[6] were rendered void by the operation of §29C. The reason was:
because [the contract] contain[ed] a provision requiring the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor or its employees, agents or subcontractors — a circumstance prohibited by application of the statute.
Id. at 288-89. According to Harnois, a clause that could, under any set of facts, violate the statute would be void even if the indemnitee could eventually prove facts sufficient to remove the clause from the coverage of §29C. Id. at 288. In other words, since the clause used in the Harnois indemnification contract could possibly allow the subcontractor to become liable for damage caused by the owner or general contractor, the Appeals Court ruled that the clause was void by operation of law and would not be enforced even if the eventual facts proven at trial revealed that the contested damage had been entirely caused by the subcontractor.
In the instant case, the portion of the first indemnification provision that contravenes §29C is the phrase “alleged to be caused.” §29C renders void any clause where a subcontractor indemnifies a general contractor for damage not caused by the subcontractor or its employees, agents or subcontractors; the “alleged to be caused” language permits the possibility of Redmond indemnifying White for damage alleged to be caused by Redmond’s negligence, but actually caused (or eventually determined to be caused) by White, NET or anyone else. Under the teaching of Harnois, the first indemnification clause would be completely void because it permits the possibility of indemnification for damage not caused by the subcontractor.
The Appeals Court somewhat modified its approach in Callahan v. Welch Equipment Corp., 36 Mass.App.Ct. 608, 611 (1994). In Callahan, the Appeals Court ruled that contractual language limiting the effectiveness of an indemnification clause “to the fullest extent permitted by law” removed the clause *226 from the automatic invalidation of §29C, even if the clause would fail a strict Harnois analysis. Identical language to that approved in Callahan is contained in the savings language of the first indemnification clause. Because of that limitation, the indemnity clause is not void under §29C. Id. The savings language therefore “operates to excise the offending portions of the clause and thus, to the extent the remainder of the clause is valid under the statute, this court will enforce it.” Kelly v. Nelson, Memorandum of Decision and Order, at 10 (Middlesex Super. Ct., No. 91-7247, March 29, 1994) (Brady, J.).
The other two indemnification clauses are also valid. In Whittle v. Pagani Brothers Construction Co., Inc., 383 Mass. 796, 799 (1981), the Supreme Judicial Court upheld the validity of a contractual clause in which a subcontractor assumed all of the obligations previously assumed by a general contractor towards its client, except to the extent such obligations were limited by law to the general contractor. The Court interpreted this clause to “impose the same obligations on the subcontractor to indemnify the contractor against claims arising out of the performance of the subcontract as the main contract imposes on the contractor to indemnify the town against claims arising out of the performance of the main contract.” Id. at 799.[7]
Since Redmond assumed all of the obligations White owed NET under the general contract, Redmond also assumed the indemnification duty that White owed NET (however, Redmond assumed this duty toward White, not NET). Under Callahan, neither the second nor the third indemnification clause (both contained in the general contract) are rendered void by §29C. The second indemnification clause includes “savings” language identical to Callahan: “to the fullest extent permitted by law.” The third indemnification clause incorporates the language of the severability clause, which has the same effect.[8] Thus, even were these clauses to violate §29C, they would not be rendered wholly void; instead, the contract is read with the indemnification clauses given their greatest possible legal effect. Additionally, the third clause is almost identical to the clause approved by the Appeals Court, despite a challenge based on §29C, in M. DeMatteo Const. v. A.C. Dellovade, 39 Mass.App.Ct. 1 (1995).
While the Court can determine that the indemnification clauses are valid, and should be given their greatest possible legal effect, the Court cannot rule on the substantive issues raised by White’s motion for summary judgment because issues of material fact, crucial only to the disposition of White’s motion, remain in dispute between the parties.
White’s motion asks the Court to determine that Redmond owes a duty to defend White against Johnson’s action and that White is entitled to reimbursement from Redmond for all the legal costs expended so far in its defense. However, a prerequisite to the determination of White’s motion is the factual determination of the cause of Johnson’s injury. If Johnson’s injury was caused by Redmond, then the indemnification clauses operate within the legal boundaries erected by §29C and the savings language and severability clause to obligate Redmond to fully indemnify and defend White against Johnson’s action. However, if Johnson’s injury was not caused by Redmond’s negligence, then the indemnification clauses are voided by §29C and Redmond owes White no duty at all. Since disputes of fact central to this action determine White’s requested rulings, White’s motion for summary judgment will be DENIED.
ORDER
For the foregoing reasons, the motion of third-party defendant Redmond Concrete Construction Co., Inc. for summary judgment is DENIED and the cross-motion of defendant/third-party plaintiff Richard White & Sons, Inc. for summary judgment is DENIED.

Under G.L.c. 143, §51, plaintiff alleges that defendant is strictly liable for violation of certain safety regulations and/or because of unsafe conditions at the construction project

New England Telephone and Telegraph and Paul R. Gransaull were originally included as defendants. The claims against them were dismissed by stipulation of the parties.

As to White’s motion, see infra.

The underlined phrase is hereafter referred to as the “savings language.”

G.L.c. 149, §29C states:
Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, whether underground or above ground, or on any real property, including without limitation any road, bridge, tunnel, sewer, water or other utility line, which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.

The clause in Harnois read in pertinent part:
The Subcontractor further agrees that he ... shall indemnify the Owner, the Contractor its or their officers, agents and employees, and save them harmless from any and all liability arising out of or in connection with the work whether such liability be the result of the alleged active or passive negligence of the Owner or Contractor . . .

Redmond’s argument that the holding of Whittle was overruled by the enactment of §29C is incorrect. The Whittle Court held that the indemnification clause it construed (where the subcontractor assumed the same obligations the general contractor has assumed to the client) was valid only to the extent indemnification was permitted by law (“except to the extent that provisions contained therein are by their terms or law applicable only to the Contractor” [id. at 798]). The effect of §29C is to limit the situations where a general indemnity clause, such as the one in Whittle, is permissible under the law; the statute did not overrule the general holding of the case.

The “severability clause,” set out in “Article 7.6.2.1 Added,” states in pertinent part that:
If any term or provision of the Contract or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of the Contract *227 and the application of such term or provision to persons or circumstances other than those to which it is held invalid or unenforceable shall not be affected thereby, and each term and provision of the Contract shall be valid and enforced to the fullest extent permitted by law.