Chernoff, J.
Plaintiff Peter Fox (Fox), who was employed as a pipefitter for Harry Grodsky & Co., Inc. (Grodsky), brought this negligence action to recover damages for injuries sustained when he fell from a ladder at a construction site owned by Digital Equipment Co. (Digital). Alleging negligence, Fox filed suit against the general contractor, Marshall Construction Co., Inc. (Marshall) and the flooring subcontractor, S&F Contractors, Inc. (S&F). Marshall responded by filing cross-claims and third-party claims seeking indemnification from subcontractors S&F and Grodsky. Marshall asserts three theories of indemnification, including indemnity arising from: (1) the indemnification clauses in the subcontracts; (2) the indemnification clause in the general contract as applied to the subcontractors through a reference by incorporation clause in the subcontracts; and (3) breach of contract and warranty (implied contractual indemnification).
S&F and Grodsky have now moved for summary judgment on grounds that the implied indemnification theory advanced by Marshall is not actionable (Count III), the incorporation by reference and severability clauses are not enforceable (Count II), and the indemnification provisions cited by Marshall are void trader G.L.c. 149, §29C (“§29C”) (Counts I and II). Marshall opposes the entry of summary judgment on Counts II and III, and has filed a cross-motion for partial summary judgment with respect to these counts. For the reasons set forth herein, S&F’s and Grodsky’s motions for summary judgment with respect to Counts I and II are ALLOWED and Marshall’s cross-motion for partial summary judgment on Count II is DENIED. In addition, Marshall’s cross-motion for partial summary judgment with respect to Count III is ALLOWED in part and DENIED in part, and Grodsky and S&F’s motions for summary judgment with respect to Count III are ALLOWED in part and DENIED in part.
BACKGROUND
On March 1, 1993, the plaintiff claims he was injured at a construction site while laying pipe overhead from a ladder which “walked” into a depression in the concrete floor thereby causing him to fall. Digital was the owner of the property and Marshall was the general contractor on the job. Marshall subcontracted portions of the construction work to S&F and Grodsky (plaintiffs employer).
The moving parties request that the court determine the effect and validity of certain indemnification and contract provisions located in the numerous contract documents, including the general contract and subcontracts. The first indemnification provisions at issue (First Indemnification Clauses) are contained at Section 8.1 and 8.2 of the subcontracts that Marshall had with both S&F and Grodsky. Section 8.1 provides:
*50 The Subcontractor hereby exculpates and agrees to indemnify and hold harmless the Contractor and its officers, directors, agents, representatives, employees, successors and assigns from and against any and all claims, losses, damages, liabilities and the like, including reasonable counsel fees which the Contractor may incur, suffer, sustain or be required to pay by reason of the injury or death of any person or the damage to any property whatsoever, caused or alleged to have been caused by any act or omission of the Subcontractor or any of its suppliers or subcontractors, or the employees, agents or representatives of the Subcontractor or any of its suppliers or subcontractors, arising out of or in any manner connected with the performance of the Subcontract Work, whether or not caused in whole or in part by any act, omission or negligence of the Contractor, its officers, agents, representatives or employees.
Section 8.2 provides:
The Subcontractor agrees to indemnify the Contractor and its surety from and against any and all actions, suits, proceedings, claims or demands arising out of or alleged to have arisen out of the performance of or the operations under this Subcontract. In the event any action, suit or proceeding is instituted against the Contractor or its surety upon any liability or defect arising out of or alleged to have arisen out of the performance of or the operations under the Subconi ract, or in the event of any claim, counter-claim, set-off, recoupment or other defense is made or asserted against the Contractor upon any liability or defect arising out of or alleged to have arisen out of the performance of or the operations under this Subcontract, the Contractor shall, within thirty (30) days, give notice in writing thereof to the Subcontractor which, at its own cost and expense, shall defend against such action, suit, proceeding, claim, counterclaim, set-off, recoupment or other defense and take all such steps as the Contractor may deem necessary to prevent the obtaining of judgment against or the successful maintenance of such claim, counterclaim, set-off, recoupment or other defense against the Contractor. Notwithstanding the foregoing, the Contractor shall be permitted to be represented by its own counsel should the Contractor so desire.
The next indemnification clause at issue (Second Indemnification Clause) exists in the Construction Management Agreement (the general contract) between Marshall, the general contractor, and Digital, the owner. According to Marshall, the Second Indemnification Clause becomes part of each subcontractor’s duty because it is incorporated by reference (Incorporation Clause) into the subcontracts Marshall has with S&F and Grodsky. The Incorporation Clause appears in Section 2.1 of the subcontracts and provides in pertinent part:
The Subcontractor agrees that it assumes in regard to the Subcontract Work all the responsibility and obligations which the Contractor has assumed and agreed to perform for the Owner under the Construction Agreement.
The Second Indemnification Clause appears at Article VII, Section 7.3 of the general contract between Marshall and Digital and reads as follows:
The Construction Manager shall bear all loss, expense (including reasonable attorney’s fees), and damage, in connection with, and shall defend, indemnify and hold the Owner harmless against all claims, demands, and judgments made or recovered against the Owner because of bodily injuries, including death at any time resulting therefrom, and/or because of damage to property from any cause whatsoever, arising out of, incidental to, or in connection with the Work, whether or not due to the presence of the Construction Manager’s agents, employees, Subcontractors or their agents, employees, or Sub-Subcontractors, to any acts, errors, omissions or negligence, of the Construction Manager or any Subcontractor or its or their employees, agents or Sub-Subcontractors, to any act of omission or commission of the Owner, its agents or its employees or to the use by the Construction Manager or its agents or employees of the Owner’s equipment, tools or facilities whether or not any claims are based upon the condition of said items or upon the Owner’s negligence, permission of the Owner to use said items being gratuitous.
Additionally, Article 16, Section 16.5 of the general contract between Marshall and Digital contains a severability clause which provides:
In case any term of this Agreement shall be held invalid, illegal, or unenforceable in whole or in part, neither the validity of the remaining part of such term nor the validity of any other term of this Agreement shall be in any way effected.
Lastly, through the Incorporation Clause, Marshall contends that Grodsky has assumed certain warranties and contractual obligations to Marshall. These warranties and contractual provisions appear in Article 5 of the general contract between Marshall and Digital and in the subcontract between Marshall and Grodsky. Given this court’s ruling with respect to the provisions in the general contract (discussed infra Count III), it is not necessary to actually cite the language appearing in the general contract. However, the applicable provisions in the subcontract state:
2.1 The Subcontractor agrees to perform the Subcontract Work in accordance with the Contract Documents, the Schedule of Documents and with all the skill and care consistent with the performance of such Work in the construction industry and according to usual construction industry practice . . . The Subcontractor agrees that its performance of the Subcontract Work will be conducted in accordance with all applicable governmental laws, regulations and requirements.
*51 6.1 The Subcontractor agrees that in performance of the Subcontract Work it will;
a. provide and supply a sufficiency of properly skilled and other workmen and equipment and an adequacy of materials of the proper quality required to complete the Subcontract Work in accordance with this Agreement;
b. abide by the safety rules and regulations established by the Contractor or promulgated by any Federal, State, or local governmental body or agency with appropriate jurisdiction.
DISCUSSION
Summary disposition is appropriate in an action concerning the interpretation of a written instrument. Doral Country Club, Inc. v. O’Connor, 355 Mass. 27, 31 (1968). This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); see also Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue and “that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party then must respond by articulating specific facts which establish the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
1. Count I — Indemnity Provisions in the Subcontracts
Both S&F and Grodsky seek summary judgment on Count I, claiming that the First Indemnification Clauses are void under §29C. Section 29C voids contract provisions which require “a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors.” G.L.c. 149, §29C (1996 ed.). Marshall does not oppose the entry of summary judgment on Count I because an identical indemnity provision recently was held to violate this statute. See Noel v. Marshall Contractors, Inc., Civil No. 93-07207, at 6, 4 Mass. L. Rptr. 406 (Middlesex Super.Ct. Sept. 27, 1995) (Cratsley, J.) (refusing to enforce indemnity provision because overbroad and void under §29C). Accordingly, this court holds that the First Indemnification Clauses, as a matter of law, are overbroad and void under §29C for the same reasons set forth in Noel v. Marshall Contractors, Inc. See id. at 6-8.
2. Count II — Indemnity Provisions in the General Contract
In Count II, Marshall maintains that the Incorporation Clause operates to impose Marshall’s general obligation to indemnify Digital, as outlined in the Second Indemnification Clause, on S&F and Grodsky to indemnify Marshall. Marshall further asserts that the underlying Second Indemnification Clauses are valid. This court, however, finds that the Incorporation Clause, for several reasons, cannot be utilized to require the subcontractors to indemnify Marshall. In addition, this court holds that the Second Indemnification Clauses are void under §29C.
A. Validity of the Incorporation Clause
Marshall asserts that the subcontractors may be held to Marshall’s indemnity obligation to Digital because of the Incorporation Clause located in the subcontracts. Marshall cites Whittle v. Pagani Bros. Constr. Co., 383 Mass. 796 (1981), as support. Generally, Whittle permits a general contractor to hold a subcontractor to similar indemnification obligations that the general contractor had assumed to the owner where the subcontractor had executed a subcontract with an incorporation clause. Whittle, 383 Mass. at 799. The Whittle court, though, looked to the precise language in the applicable incorporation clause to determine its validity. See id. at 798-99 (construing language of subcontract’s incorporation by reference clause). Because the language of the incorporation clause in Whittle differs from the relevant language in the Incorporation Clause at issue, this court cannot reach the same result as the Whittle court.
The incorporation clause in Whittle provided: “The Subcontractor agrees ... to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the [owner], except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor." Whittle, 383 Mass. at 798 (emphasis added). This particular language varies from the language in the Incorporation Clause at issue in two respects. First, the Incorporation Clause contains specific limiting language that is not contained in Whittle, and secondly, the Incorporation Clause lacks savings language appearing in Whittle.
(1) Effect of Limiting Language in Incorporation Clause
Instead of the Whittle “to assume to the Contractor” language, the Incorporation Clause applicable to S&F and Grodsky contains limiting language where the subcontractors assume certain obligations that the general contractor has assumed to the owner but only “in regard to the Subcontractor Work.” Other courts construing language in various incorporation clauses have not addressed such limiting language, but rather have only examined language similar to the language in the Whittle incorporation clause. See, e.g., Johnson *52 v. Richard White Sons, Inc., Civil No. 93-0158, at 3, 5 Mass. L. Rptr. 223 (Middlesex Super.Ct. Apr. 8, 1996) (Cowin, J.) (addressing incorporation clause with following language: “binds itself to the Contractor”); Bjorkman v. Suffolk Constr. Co., Civil No. 92[-]7572E, 3 Mass. L. Rptr. 607 (Suffolk Super.Ct. Jan. 1995) (Lauriat, J.) (examining incorporation clause containing language: “to assume to the Contractor”); Iasbarrone v. Modern Continental Constr. Co., Civil No. 93-05873, 3 Mass. L. Rptr. 173 (Middlesex Super.Ct. Dec. 13, 1994) (Graham, J.) (interpreting incorporation clause with following language: “to assume toward the General Contractor”). The Incorporation Clause’s limiting language negates any obligation of S&F and Grodsky to assume Marshall’s general obligation to indemnify because Marshall’s promise to indemnify the owner is not limited “to the Subcontract Work.” As the general contractor, Marshall’s promises of indemnification to the owner relate to the entire construction project of which it alone assumed the duty to supervise and manage. This limiting language no doubt was inserted to protect against attempts by general contractors to shift liability onto subcontractors for work which the subcontractors are not responsible for, but rather for work which the general contractor alone is responsible for. S&F and Grodsky are only responsible for their respective subcontracted work and this Incorporation Clause does not impose on them any duty to indemnify Marshall given the extensive indemnity obligation that Marshall has assumed to Digital.
Additionally, because Marshall’s indemnity obligation extends to the entire construction project, to apply Marshall’s indemnification duty to the subcontractors might result in requiring either subcontractor to indemnify a party where the subcontractor was not a cause of the injury for which the indemnity was sought. This potential result would clearly violate §29C. See Harnois v. Quannapowitt Dev., 35 Mass.App.Ct. 286, 288-89 (explaining that §29C voids contractual obligations on subcontractors to indemnify where subcontractor is not cause of injury), review denied, 416 Mass. 1106 (1993); Bjorkman v. Suffolk Constr. Co., Civ. No. 92[-]7572E, 3 Mass. L. Rptr. 607 (Suffolk Super.Ct. Jan. 1995) (Lauriat, J.) (finding indemnity provision requiring subcontractor to indemnify general contractor for injuries solely caused by general contractor’s negligence violative of §29C). For these reasons, this court finds that Marshall cannot employ the Incorporation Clause to impute Marshall’s duty to indemnify Digital on S&F and Grodsky to indemnify Marshall.
(2) Effect of Lack of Savings Language in Incorporation Clause
The next feature of the Whittle incorporation clause distinguishing it from that of the relevant Incorporation Clause is the language “except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.” Such language is called “savings language” and excises language violating §29C while simultaneously preserving remaining valid language. Kelly v. Nelson, Civil No. 91-7247, at 10 (Middlesex Super.Ct. March 29, 1994) (Brady, J.); cf. Bjorkman v. Suffolk Constr. Co., Civil No. 92-7572E, 3 Mass. L. Rptr. 607 (Suffolk Super.Ct. Jan. 1995) (Lauriat, J.) (taking note of savings language identical to that in Whittle). In the present case, unlike Whittle, such savings language is absent from the Incorporation Clause. Consequently, the Incorporation Clause does not impose indemnification obligations on S&F and Grodsky.
(3) Effect of Lack of Evidence Supporting Alternative Indemnification Obligation
The present case also is distinguishable from Whittle in aspects other than the incorporation clause’s language. The Whittle court gave an expansive reading to the non-restrictive language in the Whittle incorporation clause because there existed no reason to limit the language and because the underlying indemnity provision coupled with the incorporation clause’s savings language was broad enough to cover the concurrent negligence of the subcontractor and general contractor. Whittle, 383 Mass. at 797-99. In the instant case, reasons do exist to limit the language of the incorporation Clause, yet irrespective of these reasons, the Second Indemnification Clause and Incorporation Clause violate §29C.
Unlike the parties in Whittle, Marshall, S&F, and Grodsky had already contracted for express indemnification in their respective subcontracts (First Indemnification Clauses). It seems far-reaching that these subcontractors would have bargained for or intended that Marshall cut and paste various clauses in their subcontracts and in the general contract to apply against S&F and Grodsky in the event that their express indemnify provisions were invalidated. Marshall had an easier option available; it could have included savings language in the indemnification clauses in their subcontracts. See, e.g., Callahan v. A.J. Welch Equip. Corp., 36 Mass.App.Ct. 608, 611 (1994) (refusing to void indemnify clause containing savings language in subcontract); Kelly v. Nelson, Civil No. 91-7247, at 10 (Middlesex Super.Ct. Mar. 29, 1994) (Brady, J.) (enforcing indemnification clause in subcontract with savings language). Further, the placement of the Incorporation Clause, separate and apart from the First Indemnification Clause, only negates the at best questionable intention that the parties wanted an alternative fallback indemnification mechanism. Had the parties wanted such a fallback, they could easily have provided for an alternative in a paragraph in Section 8 directly following the First Indemnification Clause. Cf. Noel v. Marshall Contractors, Inc., Civil No. 93-07207, at 6, 4 Mass. L. Rptr. 406 (Middlesex Super.Ct. Sept. 27, 1995) (Cratsley, J.) (finding location of severability clause insufficient to support its saving distant indemnify provision). Because this court must give effect to the parties’ in ten- *53 lions and because no plausible evidence exists indicating that the parties actually intended for the Incorp oration Clause to trigger an alternative indemnification obligation on the subcontractors, this court hereby refuses to create another source of indemnity for Marshall. Cf. Shea v. Bay State Gas Co., 383 Mass. 218, 225 (1981) (instructing courts to give effect to parties’ intentions).
B. Validity of Second Indemnification Clause
Even if the Incorporation Clause were valid, the Second Indemnification Clause as applied to the subcontractors is void under §29C. Although Marshall acknowledges that the Noel court voided an indemnification clause identical to the Second Indemnification Clause it presently seeks to have enforced, Marshall contends that the Second Indemnification Clause is now enforceable under the recent Massachusetts Appeals Court decision DeMatteo Constr. Co. v. A. C. Dellovade, Inc., 39 Mass.App.Ct. 1, review denied, 421 Mass. 1103 (1995). See Noel v. Marshall Contractors, Inc., Civil No. 93-07207, at 8, 4 Mass. L. Rptr. 406 (Middlesex Super.Ct. Sept. 27, 1995) (Cratsley, J.) (finding indemnification clause in general contract overbroad and void under §29C). This court, however, finds that the DeMatteo decision does not alter the result reached by the Noel court.
While the DeMatteo court upheld the validity of an indemnification clause located in a subcontract, the court’s reasoning provides critical instruction regarding how to interpret such clauses. DeMatteo, 39 Mass.App.Ct. at 3-4. In distinguishing its indemnification clause with the indemnification clause voided by the Harnois court, the DeMatteo court examined the entire language in both indemnification clauses. Id. The DeMatteo court noted that the clause it was enforcing did not contain the offensive wording found in ihe latter portion of the Harnois indemnification clause. Id. at 4.
This court, like the DeMatteo court, must examine the entire language of the Second Indemnification Clause. Marshall argues that the wording “arising out of, incident to, or in connection with the Work” in the Second Indemnification Clause is no different from the wording “arising out of or in consequence of the performance of the subcontractor’s work under the contract” in DeMatteo, and thus comports with §29C. Even if this contention were true,[1] the DeMatteo court reasoning requires this court to look beyond this language to see whether any other language in the Second Indemnification Clause violates §29C. Accordingly, this court finds that the latter language in the Second Indemnification Clause is overbroad and therefore void under §29C. This relevant wording would require the subcontractor to indemnify the general contractor ”... from any cause whatsoever . .. whether or not due to the presence of the Construction Manager’s agents, employees, Subcontractors or their agents, employees, Sub-Subcontractors, to any acts, errors, omissions or negligence, of the Construction Manager or any Subcontractor or its or their employees, agents or Sub-Subcontractors, to any act of omission or commission of the Owner, its agents or its employees or to the use by the Construction Manager or its agents or employees of the Owner’s equipment, tools or facilities whether or not any claims are based upon the condition of said items or upon the Owner’s negligence.” (emphasis added). Cf. Harnois, 35 Mass.App.Ct. at 286-87 n.1, 288-89 (finding language “whether such liability be the result of the alleged active or passive negligence of the Owner or Contractor, their agents, servants, employees” violative under §29C); Bjorkman v. Suffolk Constr. Co., Civil No. 92[-]7572E, 3 Mass. L. Rptr. 607 (Suffolk Super.Ct. Jan. 1995) (Lauriat, J.) (voiding indemnification in general contract that did not require that subcontractor “cause” injury); Iasbarrone v. Modem Continental Constr. Co., Civil No. 93-05873, at 5-6, 3 Mass. L. Rptr. 173 (Middlesex Super.Ct. Dec. 13, 1994) (Graham, J.) (noting that indemnity clause in general contract may impose liability without regard to whether subcontractor was cause of injury, but nonetheless enforcing such clause because savings language existed). Because this language would impose liability on S&F and Grodsky for injuries they did not necessarily “cause,” the Second Indemnification Clause is void as a matter of law.
C. Validity of Severability Clause
Lastly, Marshall contends that even if portions of the Second Indemnification Clause are void, the Severability Clause in the general contract operates to validate any remaining language which does not violate §29C. This argument presupposes that the Severability Clause is also incorporated by reference into Marshall’s subcontracts with S&F and Grodsky. Again, it remains at best doubtful that either S&F or Grodsky intended and anticipated that this particular Severability Clause be incorporated into their subcontracts in the event that Marshall’s indemnification obligation to Digital, as applied to them through the Incorporation Clause, violated §29C. However, this court will not enforce the Severability Clause because it is not located directly next to or within the Second Indemnification Clause and does not contain savings language. See Johnson v. Richard White Sons, Inc., Civil No. 93-0158, at 9-11, 5 Mass. L. Rptr. 223 (Middlesex Super.Ct. Apr. 8, 1996) (Cowin, J.) (explaining that severability clause must contain savings language to preserve distant indemnity clause); Noel v. Marshall Contractors, Inc., Civil No. 93-07207, at 6, 4 Mass. L. Rptr. 406 (Middlesex Super.Ct. Sept. 27, 1995) (Cratsley, J.) (instructing that severability clause be located directly within indemnity provision and contain savings language to apply). Accordingly, S&F and Grodsky are entitled to summary judgment on Count II of Marshall’s third-party claim and cross-claim.
3. Count III — Breach of Express Contract
Marshall next alleges that S&F and Grodsky breached numerous contract provisions appearing in their subcontracts with Marshall and in Marshall’s general contract with Digital made applicable to S&F *54 and Grodsky by virtue of the Incorporation Clause. Marshall maintains that its claim is one for breach of express contract which is not barred by the Massachusetts Workers’ Compensation Statute.
As explained above, due to the limiting language in the Incorporation Clause, the Incorporation Clause will not provide a basis for Marshall to assert a breach of contract action against S&F and Grodsky with respect to the contract and warranty provisions cited in the general contract. As to the provisions in the subcontract, Marshall may assert a claim for breach of contract against S&F and Grodsky, and may attempt to recover contract damages. However, to the extent that Marshall may be seeking indemnification from S&F and Grodsky, as opposed to contract damages, such claims will fail because there exists no valid express agreement between the subcontractors and Marshall for indemnification.[2] Additionally, the provisions cited by Marshall in the subcontracts do not create an implied right to indemnify for personal injury liability. See Fall River Housing Auth. v. H. V. Collins Co., 414 Mass. 10, 14-15 (1992) (refusing to write indemnity provision not bargained for into subcontract and noting true nature of claim was breach of contract); Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 182 n.3 (1989) (suggesting that courts refuse to allow implied indemnification agreements). Accordingly, S&F and Grodsky’s summary judgment motions on Count III are denied with respect to the subcontract provisions, and the factual determination as to whether S&F and Grodsky actually breached certain provisions in their subcontracts with Marshall will be submitted to a jury.
What now remains in this litigation is (1) Fox’s tort action against Marshall and S&F and (2) Marshall’s breach of contract action against S&F and Grodsky. One or more of the parties may want to appeal to the trial judge’s discretion on the issue of severing the contract claims from the tort claims. It would be inappropriate for this court to address that issue, however, counsel are given leave to file such a request with the trial judge, who may or may not grant such relief.
ORDER
It is therefore ORDERED that;
1. S&F and Grodsky’s motions for summary judgment against Marshall on Count I are ALLOWED.
2. S&F and Grodsky’s motions for summary judgment against Marshall on Count II are ALLOWED.
3. Marshall’s cross-motion for partial summary judgment against S&F and Grodsky on Count II is DENIED.
4. With respect to Count III, S&F and Grodsky’s motions for summary judgment against Marshall are DENIED in part and ALLOWED in part in that Marshall may not assert claims of breach of contract against S&F and Grodsky with respect to provisions in the general contract between Marshall and Digital.
5.Marshall’s cross-motions for partial summary judgment against S&F and Grodsky on Count III are DENIED in part and ALLOWED in part in that Marshall may assert claims of express breach of contract against S&F and Grodsky but only with respect to the provisions in their subcontracts with Marshall.

 This court, adhering to previous interpretations, does find, however, that the words “incidental to’’ distinguishes the Second Indemnification Clause from the clause examined in DeMatteo and thereby renders the Second Indemnification Clause overbroad and void under §29C. See Noel v. Marshall Contractors, Inc., Civil No. 93-07207, at 8-9, 4 Mass. L. Retr. 406 (Middlesex Super.Ct. Sept. 27, 1995) (Cratsley, J.) (invalidating indemnification clause in subcontract due to broad language “incident to”); Kelly v. Nelson, Civil No. 91-7247, at 12 (Middlesex Super.Ct. Mar. 29, 1994) (Brady, J.) (voiding indemnity clause in subcontract because phrase “incident to" swept too broadly and did not constitute “a cause" of injury).

 The express indemnity clauses in the subcontracts fail as a matter of law because they are void under §29C. See supra Count I.