JOSEPH CALLAHAN *vs.* A. J. WELCH EQUIPMENT
CORPORATION & another[1]; SUTTON CORPORATION,
third-party defendant.

No. 93-P-327.

Middlesex. March 8, 1994. - June 3, 1994.

Present: DREBEN, KAPLAN, & PORADA, JJ.

*Indemnity. Contract*, Construction contract, Indemnity. *Statute*, Construction. *Contribution.*

In a civil action, an issue that a party failed to raise at trial was deemed waived on appeal. [611-612]

An indemnity clause in a construction subcontract required a subcontractor to indemnify the general contractor for its tort liability to a person whom a jury had found to have been injured by the concurrent conduct of the subcontractor, another subcontractor and the general contractor. [612-613]

In a civil action in which a contractor was entitled to indemnification from a subcontractor under the terms of a construction agreement, G. L. c. 231B, § 1(*e*), barred any payment of contribution to the subcontractor by the contractor arising out of the same circumstances, inasmuch as the remedies are mutually exclusive. [613]

In a civil action in which a contractor sought indemnity from two subcontractors pursuant to the provisions of a construction contract, where the contractor did not demonstrate it had suffered any loss, it was not entitled to any indemnification. [613-614]

CIVIL ACTION commenced in the Superior Court Department on January 5, 1990.

The case was tried before *Gordon L. Doerfer*, J., and third-party claims for contribution and indemnification were heard by him.

*David J. Hopwood* for Sutton Corporation.

*Andre A. Sansoucy* for A. J. Welch Equipment Corporation & another.

---

[1]Beaver Builders, Inc.

PORADA, J. The principal issues raised by this appeal are (1) whether the indemnity clause of a construction subcontract requires the subcontractor to indemnify the general contractor for its tort liability to the plaintiff whose injury a jury attributed to the concurrent conduct of the subcontractor, another subcontractor and the general contractor and (2) whether an indemnitor may obtain contribution from its indemnitee under the provisions of G. L. c. 231B, § 1(*e*).[2] We summarize the procedural and undisputed factual history of the case.

The plaintiff broke his leg while working for the Sutton Corporation (Sutton) in the construction of the Cambridgeside Galleria project. Sutton was the earth-support systems subcontractor at that job site. The plaintiff received workers' compensation benefits from Sutton's insurance carrier and brought an action in the Superior Court for negligence against A. J. Welch Equipment Corporation (Welch), the excavation subcontractor, and Beaver Builders, Inc. (Beaver), the general contractor, of the Galleria project. In that action, Beaver filed claims against Sutton and Welch for indemnification based upon identical indemnification clauses in their subcontracts.[3] In response, Welch filed claims for contribution against Beaver and Sutton. Sutton also filed a claim for contribution against Welch.

---

[2] General Laws c. 231B, § 1(*e*), as inserted by St. 1962, c. 730, § 1, provides: "This chapter shall not impair any right of indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee shall be for indemnity and not contribution, and the indemnity obligor shall not be entitled to contribution from the obligee for any portion of his indemnity obligation."

[3] The indemnity clause read as follows: "To the fullest extent permitted by law, Subcontractor shall defend and save the Owner and Contractor harmless and indemnified from and against any and all claims for bodily injury and death and for property damage or any other loss or damage suffered or incurred by the Owner, any separate contractors employed by the Owner, or by Contractor or any Subcontractor employed by the Owner or Contractor, resulting from the negligence or any act or omission of Subcontractor or his agents, or arising out of or in any way connected with the performance, attempted performance, or failure to perform the Work by Subcontractor."

Prior to trial, Welch entered into a settlement agreement with the plaintiff for $115,000. The plaintiff then dismissed his claims against both Beaver and Welch. This left the cross claims and third-party complaints for indemnification and contribution for trial. All parties agreed that the case would be submitted to the jury on special questions after which the judge would decide the respective claims of contribution and indemnification. The special verdict questions asked only whether Beaver was negligent, whether Beaver proximately caused the plaintiff's injuries and whether Sutton and Welch "caused" the accident. The jury responded that Beaver was negligent and its negligence was the proximate cause of the accident and that both Welch and Sutton "caused" the accident. Based on the jury's responses, the judge then ruled for Welch on its claim for contribution in the amount of $57,500 against Beaver and against Beaver on its claim for contribution from Welch. The judge also ruled that Beaver was not entitled to indemnification from Welch but was entitled to indemnification from Sutton for $57,500. The judge found for Welch on Sutton's claim for contribution.[4]

On appeal, Sutton claims that the judge erred in ruling that Beaver was entitled to indemnification from Sutton based on the provisions of G. L. c. 149, § 29C,[5] as appearing in St. 1985, c. 228, § 3, and the language of the indemnification clause. Sutton also claims that the judge erred in awarding Welch contribution from Beaver because G. L. c. 231B, § 1(e), bars contribution when the party seeking contribu-

---

[4]Welch's claim for contribution against Sutton was dismissed before trial because Sutton, as the plaintiff's employer, was immune from tort liability based on its payment of workers' compensation benefits to the plaintiff. See G. L. c. 152, § 23. Sutton had paid to the plaintiff $56,405.74 through its workers' compensation carrier and its insurance carrier had waived its lien on the settlement of $115,000 received by the plaintiff from Welch.

[5]General Laws c. 149, § 29C, provides in pertinent part as follows: "Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void."

tion is obligated to indemnify the party from whom the contribution is sought. Finally, Sutton contends that where the indemnification clause in Welch's subcontract was identical to Sutton's indemnity clause in its subcontract, the judge erred in failing to find Welch liable to Beaver on its claim for indemnification.

We address each of those claims of error.

1. *Indemnification clause.* Sutton argues that a subcontractor cannot be held liable under an indemnity clause in a construction contract under the provisions of G. L. c. 149, § 29C, unless the subcontractor is found negligent. It claims that the jury's finding that it was a "cause" of the accident is not the equivalent of a finding of negligence and, thus, the indemnity clause of its contract does not apply.

The current version of G. L. c. 149, § 29C, declares void indemnity provisions in construction contracts when the subcontractor is obligated to indemnify any party for an injury, which is "not caused by the subcontractor or its employees, agents or subcontractors . . . ." See *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 81-82 (1989). See also *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. 286, 288-289 (1993). In the *Harnois* case, which was decided after the trial court's decision, we advocated focusing on the language of the indemnity clause to determine its validity under § 29C rather than on the facts of the particular accident and assessment of fault of the parties. In that case, we held that the indemnity clause was void because it contained a provision requiring the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor or its employees, agents, or subcontractors. *Id.* at 288-289. Unlike the indemnity clause in the *Harnois* case, Sutton's obligation to indemnify is limited to an injury resulting from the negligence or act or omission of Sutton or its agents "to the fullest extent permitted by law." Because of that limitation, we do not consider the indemnity clause void under § 29C.

The question thus remains whether "cause" as used in § 29C requires a finding of negligence. There is no mention of negligence in § 29C even though the Legislature, in the

earlier version of this statute, expressly provided that indemnity clauses which absolved indemnitees from their own negligence were against public policy and void. St. 1985, c. 228, § 3. *Jones* v. *Vappi & Co.*, *supra*. That being so, one could assume that if the Legislature had intended to validate indemnity clauses in construction contracts only when the subcontractor or its agents and employees were negligent, rather than the cause of the loss, it would have said so. See *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 708 (1984). We need not, however, decide this issue because Sutton failed to raise it at trial. *Commissioner of Correction* v. *McCabe*, 410 Mass. 847, 850 n.7 (1991). *Lease-It, Inc.* v. *Massachusetts Port Authy.*, 33 Mass. App. Ct. 391, 397 (1992). In fact, Sutton argued against this very interpretation and did not object to the special question to the jury which asked: "Did the defendant, Sutton Corporation, cause the plaintiff's, Joseph Callahan, injuries?" or the judge's instructions which differentiated between Beaver's liability based on negligence and Sutton's liability based on causation arising out of breach of contract or safety rules incorporated therein. Accordingly, we deem the issue waived.

Sutton next contends that the judge incorrectly determined that it was obligated to indemnify Beaver because the language of the indemnity clause did not clearly specify that Sutton would indemnify Beaver even if Beaver were found negligent. The mere fact that an indemnity clause does not expressly provide for indemnity even where the indemnitee is negligent will not preclude the right to indemnity if the intent sufficiently appears in the language and circumstances attending its execution. *Shea* v. *Bay State Gas Co.*, 383 Mass. 218, 222-223 (1981). *Kelly* v. *Dimeo, Inc.*, 31 Mass. App. Ct. 626, 629 (1991). Here, the indemnity clause speaks of indemnification "from and against any and all claims for bodily injury and death and for property damage or any other loss or damage suffered or incurred by the . . . Contractor" to the fullest extent permitted by law. Based on the scope of that language and the situation of the parties, we conclude that the judge did not err in concluding that Sut-

ton's contractual obligation covered claims resulting from the concurrent fault of both Sutton and Beaver. See *Jones* v. *Vappi & Co., supra* at 79-81 (language of an indemnity clause, not substantially different from the subject clause, similarly construed.)

2. *Contribution.* Sutton's liability to Beaver under its indemnity clause arises out of Welch's recovery of contribution from Beaver for one-half of Welch's settlement of plaintiff's claim. Sutton claims that since Welch is obligated to indemnify Beaver for the loss in question, Welch cannot obtain contribution from Beaver under the provisions of G. L. c. 231B, § 1(*e*). We agree.

Contribution and indemnity are mutually exclusive remedies. *Elias* v. *Unisys Corp.,* 410 Mass. 479, 482 (1991). General Laws c. 231B, § 1(*e*), simply provides that there is no contribution in cases where a right of indemnity exists. See *Wolfe* v. *Ford Motor Co.,* 386 Mass. 95, 100-101 (1982); *Jones* v. *Vappi & Co., supra* at 78, 80-81. This interpretation is consonant with the views expressed by the drafters of the Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 66 (Master ed. 1975), and the Restatement (Second) of Torts § 886A(4) (1979).

3. *Welch's and Sutton's liability for indemnification.* Sutton argues that the judge erred in failing to find Welch liable for indemnity to Beaver where Welch's subcontract contained an indemnity clause identical to the one contained in Sutton's contract. The judge's decision was based on his conclusion that it would have been inequitable to do so because it would have resulted in a windfall for Beaver. We do not agree. There is nothing to distinguish Welch's liability for indemnity to Beaver in the factual circumstances of this case from Sutton's liability to Beaver. Nevertheless, in light of our holding that Welch could not obtain contribution from Beaver, there has been no loss suffered by Beaver and consequently, no entitlement to indemnification from either Welch or Sutton.[6] See *Keljikian* v. *Star Brewing Co.,* 303 Mass. 53,

---

[6]Ordinarily, an indemnitee is entitled to recover reasonable attorney's fees and costs incurred in resisting a claim within the scope of the indem-

54 (1939)(party seeking indemnification must establish that it was legally obligated to make payment).

The judgment is vacated. A new judgment is to enter: (1) for Beaver on Welch's claim for contribution; (2) for Welch on Beaver's cross claim for contribution; (3) for Sutton on Beaver's claim for indemnification; (4) for Welch on Beaver's cross claim for indemnification; and (5) for Welch on Sutton's cross claim for contribution.

*So ordered.*

---

nity clause even where the written indemnity agreement makes no specific reference to attorney's fees. *Amoco Oil Co.* v. *Buckley Heating, Inc.,* 22 Mass. App. Ct. 973 (1986). Beaver may well have been entitled to the same, but where it did not file a cross appeal contesting the failure to award attorney's fees and questioned only whether and to what extent Sutton would have to reimburse Welch for the amount paid in settlement of the plaintiff's claim, we decline to remand to the trial court for determination of Beaver's entitlement to attorney fees and expenses.