Lauriat, J.
The plaintiff, Ricky Bjorkman (“Bjork-man”), brought an action against Suffolk Construction Company, Inc. (“Suffolk”) to recover damages for personal injuries he obtained while working as a painter at the New Braintree Prison Project. Suffolk was the general contractor of the project. At the time of the alleged accident, Bjorkman was employed by L.D. Russo, Inc. (“Russo”), Suffolk’s painting subcontractor. Suffolk brought a third-party complaint against Russo, based on a contractual right of indemnification. Russo has now moved for summary judgment on the grounds that the indemnity clause is void under G.L.c. 149, §29C. Suffolk opposes Russo’s motion and has moved for a declaratory judgment as to the validity of the indemnity clause.
BACKGROUND
The express indemnification language upon which Suffolk relies is contained within Article XVI of the contract and general conditions (the “General Contract”), between Suffolk and the Commonwealth, as the owner of the project. That article states:
The Contractor shall assume the defense of and indemnify and save harmless, the Commonwealth, the office and operating agency and their officers and agents from all claims relating to labor performed or furnished and materials used or employed for the work; to inventions, patents and patent rights used in and in doing the work; to injuries to any person or corporation received or sustained by or from the contractor and his employees, and subcontractors and employees, in doing the work, or in consequence of any improper materials, implements or labor used or employed therein; and to any act, omission or neglect of the contractor and his employees therein.
The subcontract between Russo and Suffolk states in Paragraph 1(a) that,
The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addendum number one, two, and three, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the Commonwealth of Massachusetts Division of Capital Planning and Operations, hereinafter called the “Awarding Authority” except to the extent that provisions contained therein are by their terms or by law applicable only to the contractor.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
Russo contends that the indemnity clause is void under G.L.c. 149, §29C. G.L.c. 149, §29C provides in relevant part,
Any provision for or in connection with a contract for construction . . . , which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees agents or subcontractors, shall be void. (Emphasis added.)
In Harnois v. Quannapowitt Development Inc., 35 Mass.App.Ct. 286 (1993), the Appeals Court invalidated an indemnification clause pursuant to G.L.c. 149, §29C on the grounds that it contained a provision requiring the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor or its employees, agents, or subcontractors. Id. at 288. In the present case, the indemnity clause in the General Contract requires the subcontractor to indemnify the contractor for “claims relating ... to injuries to any person . . . received or sustained by or from the contractor and his employees ... in doing the work or in consequence of any improper materials, implements, or labor used or employed therein . . . .” This clause does not require that the injury be caused, either in whole or in part, by the subcontractor. Rather, the subcontractor could be required to indemnify the general contractor for personal injuries exclusively caused by the general contractor’s own negligence. Thus, the court concludes that the indemnity clause in the present case violates G.L.c. 149, §29C.
*608 Suffolk contends, however, that the indemnity clause in the General Contract contains saving language and, therefore, pursuant to Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608 (1994), it should be enforced to the fullest extent allowed by law. In Callahan, the Appeals Court addressed the following indemnity clause:
To the fullest extent permitted by law, Subcontractor shall defend and save the Owner and Contractor harmless and indemnified from and against any and all claims for bodily injury and death . . . resulting from the negligence or any act or omission of Subcontractor or his agents, or arising out of or in any way connected with the performance, or failure to perform the work by Subcontractor.
Id. at 609, n. 2 (emphasis added).
The Court stated that, because the subcontractor’s obligation to indemnify was “limited to an injury resulting from the negligence or act or omission of [the subcontractor] and its agents to the fullest extent permitted by law,” it “did not consider the indemnity clause void under §29C.” Id. at 611. In the present case, unlike Callahan, the purported saving language is not located directly within the indemnity provision of the General Contract, but rather in Paragraph 1(a) of the subcontract.[1] Thus, it is questionable whether the parties could have intended the language in Paragraph 1(a) to serve as saving language for the indemnity clause in Article XVI of the General Contract. See Shea v. Bay State Gas Co., 383 Mass. 218, 225 (1981) (The court “must give effect to the parties’ intentions . . .”).
Further, the indemnity clause in the present case is far more sweeping than the clause upheld in Callahan. Russo’s obligation to indemnify Suffolk is not limited to injuries resulting from Russo’s own negligence, acts, or omissions, but rather extends to injuries which may have resulted exclusively from the acts of the general contractor. Therefore, due to the distinctive language in the instant indemnity clause, Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608 (1994), does not dictate the result of this case. Accordingly, the court concludes that the indemnity clause between Suffolk and Russo violates G.L.c 149, §29C and is therefore void.[2] Thus, Russo is entitled to summary judgment on Suffolk’s claim for express contractual indemnification.
II.
In its third-party complaint, Suffolk further asserts a claim against Russo for implied indemnification. Although Russo raised this issue in its motion for summary judgment, Suffolk did not address this claim in its brief. However, assuming that Suffolk has not abandoned its implied indemnification claim, the court will address this issue.
“[A]ny right of a third-party tortfeasor to recover indemnity from an employer who has paid workers’ compensation benefits to an injured employee, must stem, if at all, from an express or implied contract of indemnity or from an obligation implied from the relationship of the parties.” Larkin v. Ralph O. Porter Inc., 405 Mass. 179, 181-82 (1989), quoting Liberty Mut. Ins. v. Westerlind, 374 Mass. 524, 526-27 (1978). An implied right to contractual indemnity is only recognized “where there are ‘special factors’ surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation.” Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992). In Fall River Housing Authority, the Supreme Judicial Court held that the circumstances of the relationship between the general contractor and one of its subcontractors did not give rise to any implied contractual right of indemnity. Id. at 14. Similarly, because Suffolk has failed to allege any “special factors” whereby this court could conclude that there is an implied contractual right of indemnity between the parties, Russo is also entitled to summary judgment on Suffolk’s claim for implied contractual indemnification.
ORDER
For the foregoing reasons, the third party defendant L D. Russo, Inc.’s Motion for Summary Judgment as to Third Party Complaint is ALLOWED. The third party plaintiff Suffolk Construction Company, Inc.’s Cross-Motion for Summary Judgment is DENIED. The court hereby ORDERS and DECLARES that the indemnity provision in the General Contract between Suffolk Construction Company, Inc. and the Commonwealth, as applied to L.D. Russo, Inc., violates G.L.c. 149, §29C and is, therefore, void.

Paragraph 1(a) provides that, “(t]he Subcontractor agrees to be bound to the Contractor . . . except to the extent that provisions contained therein are by their terms or by law applicable only to the contractor.”

At oral argument, Suffolk provided the court with a copy of Rose v. Dimeo Construction Company; Grande Bros. Inc. (Bristol County Superior Court, No. 92-02548-A, December 23, 1994). In this opinion, Judge Carey, in a footnote, stated that “(t]here is an argument that the language in the Dimeo-Grande subcontract which excludes provisions of the Commonwealth-Dimeo contract which ‘by their terms or by law (are) applicable only to the contractor’ was written in contemplation of G.L.c. 149, §29C, and salvages those parts of the indemnification provision which might otherwise violate the statute. Because the parties do not raise this argument, the Court does not address it.” (Order, p.5, n.2). Judge Carey’s reference to the potential saving language in the indemnity clause is dictum. Further, because Judge Carey chose not to address the issue, any conclusion as to Judge Carey's opinion in this regard would constitute pure speculation.