# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

M. DeMatteo Construction Company *vs*. A. C.
Dellovade, Inc.[1]

No. 94-P-828.

Middlesex. April 6, 1995. - July 27, 1995.

Present: Kass, Smith, & Laurence, JJ.

*Indemnity*. *Contract*, Construction contract, Indemnity, Construction of
contract. *Statute*, Construction.

In an indemnity action, the defendant was not entitled to judgment on the
pleadings on the ground that the indemnity provision in issue was void
under G. L. c. 149, § 29C, where the indemnification language was
within the scope of such agreements allowed by that statute. [3-4]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 22, 1992.

---

[1]This is a third-party action. The case began with a claim for personal
injuries by Gary DeSousa, described in the first paragraph of this opinion.

A motion for judgment on the pleadings was heard by *Judith A. Cowin*, J.

Leave to prosecute an interlocutory appeal was allowed by *Fine*, J.

*James K. Kaufmann* for the plaintiff.

*John J. McGivney* for the defendant.

*Mark E. Tully & U. Gwyn Williams*, for Wheelabrator Air Pollution Control, Inc., amicus curiae, submitted a brief.

KASS, J. At issue is the enforceability of an indemnification provision in a written agreement for construction services between M. DeMatteo Construction Co. (DeMatteo), a general contractor, and A.C. Dellovade (Dellovade), a subcontractor. DeMatteo hired Dellovade to perform roofing and siding work on a building in Saugus owned by Refuse Energy Systems Company. On December 24, 1990, an ironworker employed by Dellovade, Gary DeSousa, fell after stepping to a lower section of the roof, where he had been making repairs, onto an "improperly set" metal beam. DeSousa was hurt and brought a tort action against DeMatteo and Wheelabrator Air Pollution Control, Inc., another subcontractor, for negligent maintenance of the work site. DeMatteo, in turn, served a third-party complaint on Dellovade to enforce an indemnification provision (Article IV) contained in its subcontract with Dellovade.

Dellovade moved for judgment on the pleadings, Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), on the ground that Article IV was "void" under G. L. c. 149, § 29C. DeMatteo opposed the motion and simultaneously requested judgment on the basis of the contract language. By this time, DeMatteo had offered an affidavit and exhibits in support of its position, and we may take its cross motion as having been made under Mass.R.Civ.P. 56, 365 Mass. 824 (1978). A Superior Court judge denied Dellovade's motion and allowed DeMatteo's, interpreting the contractual language as valid and enforceable under the statute. A single justice of this court granted Dellovade leave to take an interlocutory appeal under G. L. c. 231, § 118, and stayed further proceedings in the trial court. We affirm.

Under G. L. c. 149, § 29C, a general contractor may require indemnification by a subcontractor only in connection with harm "caused by" the subcontractor, its employees, agents, or subcontractors. *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. 286, 288-289 (1993) (indemnification clause void because it required the subcontractor to indemnify the general contractor for injuries not necessarily caused by the subcontractor, its employees, agents, or subcontractors).[2] The disputed language in Article IV of the subject agreement reads, in part, as follows: "The Subcontractor shall fully indemnify and hold harmless the Contractor and any of its agents and employees from all claims, liabilities, liens, demands, damages, expenses, including attorneys' fees, and causes of action for or on account of any injury to persons or damage to property *arising out of or in consequence of the performance of the Subcontractor's work under this Contract*. Subcontractor further indemnifies and holds harmless the Contractor from any and all claims . . . which relates [*sic*] to the *performance*, quality, acceptability or fitness of the work performed . . . by the Subcontractor" (emphasis added). We interpret that language as limiting the subcontractor's obligation to indemnify to cases in which there is a causal connection between the subcontractor's work and the injury. The contractual language, therefore, avoids the nullifying effect of G. L. c. 149, § 29C.

The roofing subcontractor attempts to differentiate the statutory language "caused by," from the language "arising out of or in consequence of" used in Article IV of the parties' subcontract, but there is no meaningful distinction. See, e.g., *Speers* v. *H. P. Hood, Inc.*, 22 Mass. App. Ct. 598, 600 (1986); *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 79-81 (1989). Dellovade suggests support for its position that the indemnification clause in the DeMatteo contract is void may

---

[2]General Laws c. 149, § 29C, as appearing in St. 1986, c. 557, § 135, provides in pertinent part: "Any provision for or in connection with a contract for construction . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void."

be found in *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. at 286-287 n.1. There, the indemnity clause in the subcontract, held void, used the phrase "arising out of or in connection with the work," language somewhat resembling a parallel clause in the instant case. In *Harnois*, however, the parallel clause was followed by the words "or by reason of the operations under this contract, whether such liability be the result of the alleged active or passive negligence of the Owner or Contractor, their agents, servants, employees." *Ibid.* It was the latter clause in *Harnois* that gave to the subcontract the "come what may" quality that offended the statute. The *DeMatteo* subcontract clause, in contrast, ties indemnity to "the performance of the Subcontractor's work under this Contract" and "the performance . . . of the work performed," an equivalent of the statutory "caused by."

As we observed in *Jones* v. *Vappi, supra*, and in *Callahan* v. *A.J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 611-612 (1994), the 1986 amendment to § 29C allowed greater scope to general contractor subcontractor indemnity agreements than an earlier, 1984, version of § 29C had permitted. That earlier rendering, as appearing in St. 1984, c. 484, § 43, had declared indemnity clauses in construction contracts which absolved indemnitees from their own negligence to "be against the public policy . . . void and unenforceable." The subcontractor also seeks to reintroduce negligence as an integral part of the statutory scheme, a complexity that the Legislature eliminated from § 29C by the 1985 amendment. See *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. at 81-82; *Callahan* v. *A. J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 611-612 (1994). The language of § 29C no longer requires a finding of neligence in order to trigger indemnity provisions.

*Judgment affirmed.*