Butler, J.
INTRODUCTION
Third-party defendant Henkels & McKoy, Inc. [“Henkels”] moves for summary judgment against defendant and third-party plaintiff CRC Evans Pipeline International Inc. [“CRC”) on grounds that the indemnification clause CRC seeks to enforce is invalid under G.L.c. 149, §29C (1994 ed.).
BACKGROUND
The summary judgment record, when viewed in favor of CRC as the nonmoving party, indicates the following. On or about August 26, 1992, Robert A. Kenneway [“Kenneway”), an employee ofHenkels, sustained injuries while performing work as a pipeline laborer at a work site in Charlton, MA. When he sustained his injuries, Kenneway was operating a compressor and generator unit manufactured, supplied, or owned by CRC. The compressor and generator unit were leased to Henkels by CRC. The following language is contained in the lease agreement executed by Henkels and CRC:
8. INSURANCE & LIABILITY TO LESSEE. Lessee shall indemnify and hold harmless Lessor from all losses, claims, liabilities, and causes of action of any kind or nature, including those for damaged property, injuries to persons or death, whether the same may be attributable in whole or in part to the negligence of the Lessor, which may arise out of or be connected with the use or operation of the leased equipment, including the cost or expense of investigation and defense of any suit or suits which may be brought against Lessor by reason of such claims; and Lessee agrees to maintain in effect such insurance as Lessor may require as a condition of this Lease . . .
The lease agreement is dated July 21, 1992.
Kenneway brought products liability and negligence claims against CRC. CRC subsequently filed a third-party action against Henkels for contractual *444 indemnification, based upon the lease language quoted above.
DISCUSSION
Henkels’ motion for summary judgment is predicated upon its belief that the indemnification clause at issue requires Henkels to indemnify CRC for CRC’s own negligence and is therefore rendered void by G.L.c. 129, §29C. In its opposition, CRC challenges the applicability of §29C. It alleges that Henkels has not established its status as a subcontractor and that the agreement was not “for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work[,]” as contemplated by G.L.c. 149, §29C. As such, CRC claims the agreement falls outside of the statute.
The general rule in construing contracts, like the equipment lease in issue, is that they are to be enforced according to their explicit language, as that in turn reflects the intent of the parties. See, B.J. Harland Electrical v. Granger Brothers, 24 Mass.App.Ct. 506, 513-14 (1987).
The statutory protections afforded to subcontractors by G.L.c 149, §29C do not apply to the equipment lease agreement between Henkels and CRC. General Laws c. 149, §29C as amended by St. 1985 c. 228, §3 reads in relevant part: “Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work on any building or structure . . . or on any real property . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.”[1]
The statute in question appears as part of Title XXI, Labor and Industries, constituting Chapters 149-154, inclusive. Chapter 149 itself is also entitled Labor and Industries and, inter alia it sets out the duties and powers of the State Department of Labor and Industries. Section 29C appears in that portion of c. 149 entitled “Public Employment” which includes provisions concerning public employees, public works projects and the like.
When interpreting a statute, the Court must seek to effectuate “the intent of the Legislature, as evidenced by the language used, and considering the purposes and remedies intended to be advanced.” Saccone v. State Ethics Commission, 395 Mass. 326, 328 (1985). G.L.c. 149, §29C provides a measure of protection to subcontractors in dealing with others in connection with a construction contract, thereby permitting “a shifting of the risk of loss for construction worker’s injuries to the general contractor . . .” Harnois v. Quannapowitt Development, Inc.; C&R Development, Inc., 35 Mass. App Ct 286, 288 (1993), rev. denied 416 Mass. 1106 (1993). See Speers v. H.P. Hood, Inc., 22 Mass.App.Ct. 598, 601 n.8 (1986), rev. denied 398 Mass. 1105 (1986). This shift was considered necessary by the Legislature to provide “subcontractors some relief from the common practice of requiring them to assume broad indemnification obligations as a part of doing business.” Musacchio, Statutory Limitations on Indemnity Agreements in Construction Contracts: The Meaning and Effect of G.L.c. 149, §29C, 80 Mass.L.Rev. 54, 55 (1995). All appellate cases construing the statute, involve its application to general contractor/subcontractor construction contracts. See, e.g., M. DeMatteo Construction Co. v. A.C. Dellovade, Inc., 39 Mass.App.Ct. 1, 3 (1995), rev. denied 421 Mass. 1103 (1995) (under §29C, “a general contractor may require indemnification by a subcontractor only in connection with harm ‘caused by’ the subcontractor”); Callahan v. A.J. Welch Equipment Corp.: Sutton Corp., 36 Mass.App.Ct. 608, 611 (1994) (“The current version of G.L.c. 149, §29C declares void indemnity provisions in construction contracts" when the subcontractor is obligated to indemnify harm not caused by it); Harnois, supra, 35 Mass.App.Ct. at 288; Jones v. Vappi & Co.; General Iron & Steel Works, Inc., 28 Mass.App.Ct. 77, 81 (1989) (§29C “declares void indemnity provisions in construction contracts only when the injury ‘is not caused by the subcontractor’ ”); Speers, supra, 22 Mass.App.Ct. at 601 n.8.
In light of the narrowing language contained in the most recent amendment to §29C and the consistent manner in which appellate courts have applied the statute to general contractor/subcontractor situations, there is no authority for expanding the scope of the statute to encompass a standard lease agreement.
Henkels has not submitted materials which establish that the agreement at issue was executed by or between subcontractors, and “for or in connection with a contract for construction ...” Accordingly, the provisions of G.L.c. 149, §29C are not applicable to the lease agreement, and Henkels’ motion for summary judgment must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that third-party defendant Henkels & McKoy, Inc.’s motion for summary judgment be DENIED.

The earlier, broader version of G.L.c. 149, §29C reads as follows: “Any covenant, promise, agreement or understanding in or in connection with or collateral to a contract or agreement relative to the construction, reconstruction, alteration, remodeling, repair or demolition of a building, structure, highway, appurtenance and appliance . . . purporting to indemnify or hold harmless the promisee or indemnitee against liability for damage . . . caused by or resulting from the negligence of the promisee . . . and any . . . agreement... to insure or name as an insured the promisee or indemnitee against any such liability under any contract of insurance by the promisor, is against public policy and is void and unenforceable.”