While working on an electrical panel orighially installed by Sawyer, the plaintiff was seriously nijured on the defendants’ premises. A ground fault interrupter (GFI) contaáied within the panel, which allegedly might have prevented the accident, was found (allegedly) in the “off” position on the day after the accident. In response to special questions, the jury found that *840 the defendants were one hundred percent negligent, that the negligence of the defendants was the “proximate cause” of the plaintiffs injuries, and that Sawyer was not negligent in the “installation, testing, or inspection” of the GFI. Having found Sawyer not negligent, the jury were instructed by the special questionnaire not to answer the question whether the negligence of Sawyer was the proximate cause of the plaintiffs injuries. On the record before us, the defendants did not object to the special questions.
The subcontract, so far as material, required Sawyer to indemnify the defendants “[t]o the maximum extent allowed by law,” for injuries “caused . . . by” Sawyer’s “default or negligent act or omission ...” (emphasis added). That claim to indemnification, which the defendants told the judge was “basically ... a question of law for the court,”[2] was severed from the issues presented to the jury. After the jury returned their answers to the special questions, the judge, to whom the indemnity issue was submitted, entered judgment for Sawyer without a written decision.
The indemnity clause is properly limited to the “maximum extent allowed by law.” See Callahan v. A. J. Welch Equip. Corp., 36 Mass. App. Ct. 608, 611 (1994). That limitation appears to be mindful of the provisions of G. L. c. 149, § 29C,[3] in so far as it imposes the condition that the damages must be “caused. . . by” Sawyer’s conduct (emphasis added). The clause goes on to identify that conduct as including any “default or negligent act or omission.”
The defendants argue that Sawyer, regardless of the fact that the jury found that it was not negligent, failed to perform its obligations under its subcontract (allegedly “by failing to activate or performance test the GFI”), and therefore was “in default” of its contractual obligations to the defendants.
The availability of indemnification for the benefit of the defendants does not depend simply on the contractual issue whether Sawyer was in default of its contract obligations to the defendants, see Callahan, supra at 611-612. Rather, the overriding statutory question — as the indemnity clause itself recognizes — is whether the conduct of Sawyer, however characterized, was the cause of the plaintiffs injury. Ibid. Section 29C, as we pointed out in Callahan, supra at 612, validates indemnity provisions which are limited to those instances where the acts of the indemnitor (i.e., Sawyer) caused the injury.
As to the critical question of causation, the defendants merely recite in their brief that “the jury found that the inactivated GFI caused the plaintiffs injuries.” There is no record reference to this assertion, nor, it seems, could there be any. The jury found, in answer to special questions, that the conduct of the defendants was the sole proximate cause of the injury to the plaintiff. There was no finding that the conduct of Sawyer was *841 a cause of the injury even if we assume (for there was no finding) that Sawyer was in default of its contractual obligations.
Kevin M. Truland for the defendants.
Michael R. O’Malley for the Edward G. Sawyer Company.
Carl Valvo, for the plaintiff, submitted a brief.
So far as appears from the record before us, the defendants failed to seek a special jury question directed to a finding as to causation, or to object to the framing of special questions submitted to the jury. As in Callahan, supra, and in Commissioner of Correction v. McCabe, 410 Mass. 847, 850 n.7 (1991), the claim, first asserted in this court, that Sawyer was in default of its contractual obligations to the defendants and that such conduct caused the plaintiff's injuries was waived in the trial court.[4] See Mass.R.Civ.P. 49(a), 365 Mass. 813 (1974) (if the judge, in submitting special questions to the juiy, “omits any issue of fact raised by the pleadings or by the evidence,” then the judge may make a finding, failing which the judge shall be deemed to have made a finding in accord with the judgment on the special verdict).

Judgment affirmed.

Orders denying motion to alter or amend judgment and motion for relief from judgment affirmed.

 Counsel for the defendants told the judge, “We agree that basically the indemnity question is a question of law for the court, and that it would not be necessary to place the issue before the jury, other than to address it in special questions” (emphasis added).

 Section 29C, as appearing in St. 1986, c. 557, § 135, voids indemnity clauses in construction contracts which impose liability for injuries “not caused by the subcontractor or its employees, agents or subcontractors . . . .”

 After the jury returned their answers to the special questions, the defendants filed requests for findings of facts with the judge in connection with his consideration of the indemnification claim, but none of the requests went to the critical issue of causation; they were limited to the issue of the alleged default in contractual obligations.