## SCIABA CONSTRUCTION CORPORATION *vs*. FRANK BEAN, INC., & another.[1]

No. 95-P-1400.

Suffolk. February 7, 1997. - June 30, 1997.

Present: KASS, KAPLAN, & GREENBERG, JJ.

*Contract,* Construction contract, Subcontract, Indemnity, Construction of contract. *Indemnity.*

There was no merit to a contractor's claim that it was entitled to indemnification from its subcontractor and a sub-subcontractor for injuries received by an employee of the sub-subcontractor due to the contractor's negligence, where the unconditional indemnity language incorporated in the subcontracts was plainly void under the provisions of G. L. c. 149, § 29C. [69]

The general form of subcontract prescribed in G. L. c. 149, § 44F, insofar as it may conflict with the specific provisions of G. L. c. 149, § 29C, inserted by St. 1984, c. 484, § 3, and amended by St. 1985, c. 228, § 3, does not prevail over the policy expressed in § 29C prohibiting general contractors from imposing indemnity obligations on a subcontractor unless the subcontractor caused the injury or damage for which indemnification was sought. [69-70]

CIVIL ACTION commenced in the Superior Court Department on December 26, 1990.

The case was heard by *J. Harold Flannery*, J., on motions for summary judgment, and a judgment of dismissal was entered by him.

*Owen Gallagher* for the plaintiff.

*Carol A. Griffin* for Frank Bean, Inc.

*Fain P. Gildea* for Thermal Insulation Corporation.

KASS, J. On its face, the language contained in subcontracts entered into by Sciaba Construction Corp. (Sciaba), a general contractor, and Frank Bean, Inc. (Bean), and Thermal Insulation Corp. (Thermal), subcontractors, egregiously violates

---

[1]Thermal Insulation Corp.

G. L. c. 149, § 29C. That statute declared void a provision in a subcontract that requires the subcontractor to indemnify the general contractor for damages that the subcontractor did not cause. Section 29C has been the subject of much discussion of late in our cases. See *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 81-82 (1989); *Harnois* v. *Quannapowitt Dev., Inc.,* 35 Mass. App. Ct. 286, 288 (1993); *Callahan* v. *A. J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 611-612 (1994); *M. DeMatteo Constr. Co.* v. *A. C. Dellovade, Inc.*, 39 Mass. App. Ct. 1, 3-4 (1995); *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 785-788 (1996); *Collins* v. *Kiewit Constr. Co.*, 40 Mass. App. Ct. 796, 797-800 (1996); *Miley* v. *Johnson & Johnson Orthopaedics, Inc.*, 41 Mass. App. Ct. 30, 31-34 (1996); *Erland Constr. Co.* v. *Park Steel Corp.,* 41 Mass. App. Ct. 919, 919-920 (1996). Sciaba contends that the offending language, if examined beneath its face and in context, takes on innocent meaning. We do not think Sciaba's subcutaneous analysis persuasive and affirm the allowance by a judge of the Superior Court of a motion for summary judgment in favor of the subcontractors.

1. *The accident.* Sciaba had a general contract with the city of Boston to renovate the L Street Bathhouse. It let a subcontract for heating, ventilation and air conditioning to Bean which, in turn, subcontracted insulation work to Thermal. On December 28, 1987, Anthony Lusardi, an employee of Thermal, was injured at the construction site when he fell into a hole that had been covered with a sheet of plywood. Lusardi brought a third-party action (see G. L. c. 152, § 15) in Superior Court against Sciaba and Bean. Negligence issues were resolved in favor of Bean. A jury found that Sciaba had been negligent and, after Lusardi's percentage of negligence as found by the jury had been factored in (see G. L. c. 231, § 85), a judgment was entered in favor of Lusardi for $675,000, plus interest from December 26, 1990. This appeal concerns only Sciaba's claim for indemnification against Bean and Thermal.

2. *The indemnity provision.* First, it is well to bear in mind the pertinent text from G. L. c. 149, § 29C, inserted by St. 1984, c. 484, § 43, and amended by St. 1985, c. 228, § 3:

"Any provision for or in connection with a contract for construction . . . which requires a subcontractor to

indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void."

Second, we turn our attention to the text, so far as pertinent, of the indemnity provision incorporated in the subcontract Sciaba made with Bean and that made, in turn, by Bean with Thermal:

"13.2. *Indemnification.* The contractor shall assume the defense of and hold the Owner, Architect, their officers, agents and employees harmless from all suits and claims against them, . . . and by or from any act or omission or neglect of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, *regardless of whether or not it is caused in part by a party indemnified hereunder*" (emphasis supplied).

It is the unconditional indemnity demanded by the italicized language that offends G. L. c. 149, § 29C. The indemnification text quoted above does not appear in the subcontracts but appears, rather, in the general conditions of the general contract between the city of Boston, as owner, and Sciaba, as general contractor. The text was engrafted — and there is the rub — onto the subcontracts by § (1)(a) of the form subcontract[2] which provides:

"The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and, addenda . . . , *and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the City of Boston, Public Facilities Commission* . . ., except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor" (emphasis supplied).

---

[2]The form subcontract used was published by a stationer and follows the form that appears in St. 1960, c. 771, § 7. A substantially identical form, for use in subcontracts on public construction jobs, appears in G. L. c. 149, § 44F, as amended through St. 1996, c. 450, § 186.

Among the obligations assumed by the general contractor to the city was the unconditional indemnity.

3. *Discussion.* In what we think is a contorted reading of the indemnification clause, Sciaba suggests that, as incorporated in the subcontracts, the unconditional indemnity applies only to relations between subcontractors and sub-subcontractors and, therefore, does not implicate § 29C. Nothing supports that construction except that Sciaba wishes it so. There is nothing about the case that impels us to abandon the generally trustworthy approach of interpreting a contractual provision in accordance with its plain meaning. *Kelley* v. *Dimeo, Inc.*, 31 Mass. App. Ct. 626, 629 (1991). We read the phrase "any Subcontractor" in the indemnity clause to mean precisely that, any subcontractor, whether employed by Sciaba or by Bean. The clause we are required to interpret requires indemnity for any act, such as being on the job, without requirement that the subcontractor be the cause of the accident and injury. As matter of contract language interpretation, therefore, we decide, as did the Superior Court judge, that the subcontract violates the provisions of § 29C and, therefore, is void. Nor do we think that Sciaba can draw the help it seeks in the qualifying clause in § 1(a) of the subcontract, "except to the extent that provisions contained therein are by their terms or by law applicable only to the [c]ontractor." That G. L. c. 149, § 29C, proscribes an unconditional indemnity does not permit us to write required conditions (i.e., limited to cause) into a clause that offends the statute.

On appeal, Sciaba raises an issue not raised before the Superior Court judge: that a form of subcontract prescribed in one section of G. L. c. 149, namely § 44F, cannot be construed to violate another section, § 29C. Ordinarily, we would not consider an issue not placed before the motion judge, but as Sciaba's argument bears on the validity in these situations of a commonly used statutory form, we state our view. See *Filippone* v. *Mayor of Newton*, 16 Mass. App. Ct. 417, 421 (1983), *S.C.*, 392 Mass. 622 (1984). Sciaba calls to attention that the subcontracts in this case tracked a form now found in G. L. c. 149, § 44F, see note 2, *supra*, and urges the unreasonableness of treating adherence to § 44F as a violation of the policy advanced by § 29C. We think there are three answers. First, the specific

policy advanced by § 29C, introduced into the statutory scheme in 1984, to prohibit general contractors from imposing indemnity obligations on subcontractors unless they caused the damage for which recovery is sought, trumps the general form provisions which have been in the public bidding statutes for decades. See *Risk Mgmt. Foundation of the Harvard Med. Insts., Inc.* v. *Commissioner of Ins.*, 407 Mass. 498, 505 (1990). Second, as the unconditional indemnity finds its way into the subcontract by incorporation from the general contract, the desired limitation on indemnity can be achieved by qualifying language in the general contract. Third, and perhaps most obviously, the form subcontract set out in § 44F is not a rigid prescription from which no deviation is permissible, whatever the on-the-ground facts. Indeed, as the record in this case demonstrates, subcontractors do adjust the form to meet the demands of a particular job. The form contract can, and should, be amended to articulate that the indemnity obligations of the subcontractor, arising out of § 1(a) of the subcontract, shall not apply unless an act or omission of the subcontractor has been a cause of injury to persons or damage to property.

*Judgment affirmed.*