Houston, J.
Third-party plaintiffs, Commercial Electrical Contractors, Inc. (“Commercial”), Cranshaw Construction of New England, L.P. and Cranshaw Construction of New England, Inc., General Partner (both Cranshaw Construction entities hereinafter referred to collectively as “Cranshaw”) seek indemnification/contribution against third-party defendant, Span Construction & Engineering, Inc. (“Span”), in connection with a settlement of a negligence action between the defendants/third-party plaintiffs and the plaintiff, Eugene Seeley (“Seeley”). Seeley brought an action against the defendants/third-party plaintiffs for damages stemming from a construction site accident. This matter is now before the court on the third-parties’ cross motions for partial summary judgment on two counts of the amended third-parfy complaint pursuant to Mass.R.Civ.P. 56(d). For the reasons stated below the third-parfy plaintiffs’ motion is denied and the third-party defendant’s motion is allowed.
BACKGROUND
Seeley, an employee of Capitol Erectors, Inc. (“Capitol”), a subcontractor for Span, filed a two-count complaint alleging negligence against Commercial and Cranshaw as a result of injuries he sustained in a January 9, 1998 accident on a construction site. Cranshaw was the general contractor for the site. Cranshaw had subcontracted with Span to perform work on the site. Span in turn had subcontracted its work to Capitol. A scissors lift operated by an employee of Commercial, another subcontractor for Cranshaw, hit the scaffolding on which Seeley was standing and caused him to fall. Both Span and Commercial entered into written subcontract agreements with Cranshaw *491 that included indemnification clauses protecting Cranshaw from legal liability in certain situations.
After Seeley filed suit against Commercial and Cranshaw, Cranshaw filed a cross claim against Commercial for indemnification pursuant to the subcontract between Commercial and Cranshaw. Cranshaw also impleaded Span into the action as a third-party defendant claiming Span’s duty to indemnify Cranshaw pursuant to their subcontract agreement (“Span-Cranshaw Agreement”) or in the alternative, for common-law and statutory contribution. Commercial agreed to indemnify Cranshaw in the matter, and reached a settlement with Seeley with respect to all claims arising out of the accident. In turn, Cranshaw assigned all of its rights against Span in connection with Seeley’s accident to Commercial. Commercial, as assignee of Cranshaw’s rights under the Span-Cranshaw Agreement, asserts that it is entitled to contractual indemnification from Span.
DISCUSSION
This court grants summary judgment when there are no genuine issues of material fact and when the summary judgment record entitles the moving party to a judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively that there is no genuine issue of material fact on every relevant issue. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-16 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 716. Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17. An adverse party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, 390 Mass. at 422.
The issue before this court is whether Span is obligated by the indemnification clause within the Span-Cranshaw Agreement to reimburse all of the money paid by Commercial’s insurance company on behalf of Commercial and Cranshaw in settling Seeley’s action. For the following reasons, Span is not contractually obligated to indemnify Cranshaw or Commercial for damages based on the indemnification clause of the Span-Cranshaw Agreement.
I. Violation of G.L.c. 149, §29C
G.L.c. 149, §29C was enacted “to prohibit general contractors from imposing indemnity obligations on subcontractors unless they caused the damage for which recovery is sought...” Sciaba Constr. Corp. v. Frank Bean, Inc., 43 Mass.App.Ct. 66, 70 (1997). The statute reads as follows:
Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, whether underground or above ground, or on any real property, including without limitation any road, bridge, tunnel, sewer, water or other utility line, which requires a subcontractor to indemnify any party for injuiy to persons or damage to property not caused .by the subcontractor or its employees, agents or subcontractors, shall be void.
G.L.c. 149, §29C.
“In determining the validity of an indemnity provision under §29C, it is upon the language of the indemnity clause that we focus rather than upon a finding of facts of the particular accident and an assessment of fault of the parties.” Herson v. New Boston Garden Corp., 40 Mass.App.Ct. 779, 786 (1996), citing Harnois v. Quannapowitt Dev., Inc., 35 Mass.App.Ct. 286, 288 (1993). The indemnification clause contained in the Span-Cranshaw Agreement states,
To the fullest extent permitted by law, the Subcontractor shall indemnify, defend and hold harmless the Owner, Contractor, their officers, directors, shareholders, partners, representatives, agents and employees against damage, loss, claims, suits, actions, expense, liability or obligation of any kind whatsoever by reason of or arising from any actions of Subcontractor, its agents, employees or sub-contractors, or from any liability or obligation imposed by law upon the Owner or Contractor for property damage or bodily injuries, including death at any time resulting therefrom, sustained by any person or persons, on account of or in consequence of the performance of this Subcontract by Subcontractor, its agents, employees, or subcontractors whether or not such injuries to persons or damage to property are due or claimed to be due to any negligence of any party to be indemnified hereunder and Subcontractor shall bear any expense which the Contractor may have by reason thereof, or on account *492 of being charged therewith ... to the extent any provisions thereof may be in derogation of applicable law, such provisions shall be deemed modified and shall be construed so as to be in accordance with such law.
Span-Cranshaw Agreement at 5.
It is well settled that “(t]he language of §29C no longer requires a finding of negligence in order to trigger indemnify provisions.” M. DeMatteo Constr. Co. v. A.C. Dellovade, Inc., 39 Mass.App.Ct. 1, 4 (1995). See also Callahan v. A.J. Welch Equip. Corp., 36 Mass.App.Ct. 608, 611 (1994). Section 29C also does not prohibit contractual indemnity arrangements whereby the subcontractor agrees to assume indemnity obligations for the entire liability when both the subcontractor and the general contractor or owner are causally linked to an accident. Collins v. Kiewit Constr. Co., 40 Mass.App.Ct. 796, 800 (1996); Herson, 40 Mass.App.Ct. at 788.
The indemnity clause of the Span-Cranshaw Agreement does not violate G.L.c. 149, §29C. “Section 29C only voids contractual indemnity provisions which require indemnification for injuries not caused by the subcontractor.” Herson, 40 Mass.App.Ct. at 779. See also Sciaba, 43 Mass.App.Ct. at 69; Harnois, 35 Mass.App.Ct. at 288-89. Here, the court interprets the language of the indemnity clause as limiting Span’s obligation to cases in which there is a causal connection between Span’s work and the injury. The language of the clause thereby avoids the nullifying effect of §29C. Specifically, the italicized language of the indemnity clause above sufficiently links Span’s indemnification obligations to injuries that are causally related to Span’s work. Herson, 40 Mass.App.Ct. at 787 (similar language sufficient to avoid nullifying effect of statute); M. DeMatteo Constr. Co., 39 Mass.App.Ct. at 3.
Span points to the indemnification clause in Sciaba as being similar to the language contained in this case. Span argues that because the language in the Span-Cranshaw Agreement which calls for indemnification “whether or not such injuries to persons or damage to property are due or claimed to be due to any negligence of any party to be indemnified hereunder,” is similar to the language in Sciaba, which states “regardless of whether or not it is caused in part by a party indemnified hereunder,” the clause should be void under the statute. Sciaba, 43 Mass.App.Ct. at 68. While Span is correct in pointing out that the quoted language from Sciaba offends §29C, it fails to understand the reason why it is offensive. The language, as it stood in Sciaba was offensive to the statute because it was part of a clause that did not tie the subcontractor’s obligations to injuries that were causally linked to its performance of the subcontract. Id. at 69. Here, there is explicit language that links Span’s obligations to injuries that are caused in part by Span. Accordingly, the clause in this case does not offend §29C.
II. Cranshaw’s Right to Indemnification
The procedural facts of this case demonstrate that Commercial has settled the entire case brought by the original plaintiff, Seeley, against Commercial and Cranshaw. What remains to be resolved is who, if anyone, should reimburse Commercial. From a procedural standpoint, this case is substantially similar to Callahan, 36 Mass.App.Ct. at 609. In Callahan, a subcontractor, Welch, settled a lawsuit with an injured employee of another subcontractor, Sutton. Welch then proceeded to seek contribution against Sutton and the general contractor, Beaver.
In that case, the Appeals Court ruled that where there was a contractual indemnification agreement between Welch, the subcontractor, and Beaver, the general contractor, Welch was not entitled to any contribution from Beaver. Callahan, 36 Mass.App.Ct. at 613, citing Elias v. Unisys Corp., 410 Mass. 479, 482 (1991) (holding contribution and indemnity are mutually exclusive). In light of the fact that Welch was not entitled to any contribution from Beaver, the Appeals Court reversed the trial court’s order for Beaver to pay contribution to Welch. Since the reversal meant that “there has been no loss suffered by Beaver [because Welch had fully indemnified Beaver] and consequently, no entitlement to indemnification from either Welch or Sutton,” Sutton was discharged from its obligation to indemnify Beaver for the contribution. Callahan, 36 Mass.App.Ct. at 613. In effect, because Beaver didn’t have to contribute to Welch, there was nothing to reimburse Beaver for on the part of Sutton. Id.
This case presents precisely the same situation as discussed in Callahan. Here, because Cranshaw has not suffered any loss due to Commercial’s settlement of the lawsuit, nothing remains to be indemnified. Id. Cranshaw suffered no loss (akin to Beaver’s situation in Callahan), and therefore it has no indemnification claim against Span. Cranshaw cannot assign to Commercial a right it does not have; consequently Commercial has no legally cognizable claim for contractual indemnification against Span. Id.
The court notes that there is nothing in the indemnity clause, assuming Commercial’s agreement with Cranshaw contained the same clause as Span’s, which requires that indemnity payments be tendered until it has been proven that the subcontractor caused the injury and that the contractor has suffered a loss. Instead of waiting for a determination that it caused the injury, Commercial preemptively settled the case with Seeley. Commercial’s duty to indemnify Cranshaw was exactly that, a duty to indemnify, not a duty to defend. Herson, 40 Mass.App.Ct. at 786 (duty to defend is broader than duty to indemnify).
Commercial was under no obligation to indemnify Cranshaw before Cranshaw suffered a loss as a result of a judicial determination that it was liable for Seeley’s injury. It strategically chose to settle the matter prior *493 to such a determination. This court will not allow Commercial to claim indemnification against Span when it willingly assumed that very same responsibility on its own. Its only recourse is to pursue a claim for contribution.
ORDER
For the foregoing reasons it is hereby ORDERED that third-party plaintiffs’ motion for partial summary judgment on Count One and Count Two of the third-party complaint be DENIED and third-party defendant’s motion for partial summary judgment on Count One and Count Two of the same complaint be ALLOWED. Judgment shall enter accordingly.